John W. PORTER and Royce
Coleman, Relators,

v.

The Honorable Phillip VICK,
Judge, Respondent.

No. 94–0122.

Supreme Court of Texas.

June 2, 1994.

Royce Coleman, Denton, James W. Coleson, Lake Dallas, for relators.

Harvey Rosenberg, Allen Landerman, Dallas, for respondent.

PER CURIAM.

This mandamus proceeding arises out of a trial court order vacating the grant of a new trial. The Honorable Phillip Vick presided over the non-jury trial and rendered judgment for defendant Nicholas Hsu that plaintiff John W. Porter take nothing, and that the contingent third-party claim against Royce Coleman was therefore immaterial.

Porter and Coleman timely filed a motion for new trial. All parties received notice of the proposed hearing. On the hearing date, counsel for Hsu was detained at a court in another county. His office telephoned Judge Vick's office and apparently obtained the misinformation that the hearing would be rescheduled. Consequently neither Hsu nor his counsel appeared for the hearing. Coleman apparently was given the same misinformation.

Counsel for Porter did appear at the docket call just before the hearing, where it was announced that a visiting district judge, the Honorable Graham Purcell, would hear the case as part of Judge Vick's overflow docket. When Porter appeared but Hsu and his counsel did not, Judge Purcell signed an order granting the new trial by default. There is no evidence that Porter or his counsel knew why Hsu did not appear or that Judge Vick's office personnel had told anyone the hearing would be rescheduled. Nothing suggests any irregularities in Judge Purcell's appointment or hearing of the motion for new trial.

Hsu filed a motion requesting Judge Vick to rescind the order granting new trial. The judge heard evidence and argument on two separate days on this motion. All parties concede that Judge Vick signed the order vacating the order granting new trial long past the time for plenary power over the judgment, as measured from the date the judgment was signed. *See, e.g.,* TEX.R.CIV.P. 329b.

█ Porter and Coleman seek mandamus relief from this last order, contending it is void under *Fulton v. Finch,* 162 Tex. 351, 354–55, 346 S.W.2d 823, 826 (1961), in which this court held that any order vacating an order granting a new trial which was signed outside the court's period of plenary power over the original judgment is void. We sustain their contention. We did not substantively modify the *Fulton v. Finch* rule in

*Fruehauf Corp. v. Carillo,* 848 S.W.2d 83 (Tex.1993), but merely clarified that the trial court could vacate, or "ungrant," the new trial grant within the plenary power period. The facts that there were evidentiary grounds raised in Porter's motion for new trial, and that only Judge Vick had heard evidence in the case, do not make Judge Purcell's order granting a new trial void. *See* TEX.R.CIV.P. 18; *see also Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 846–47 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). Further, while official misinformation may in part justify setting the judgment aside on appeal, it does not *ipso facto* make the judgment or order relating to or affected by the misinformation void. *See Hanks v. Rosser,* 378 S.W.2d 31, 34–35 (Tex.1964). Without hearing oral argument, a majority of the court grants leave to file and conditionally issues the writ of mandamus. TEX.R.APP.P. 122.