**Richard ZAPATA, Appellant,**

v.

**ACF INDUSTRIES, INC.; American Railcar Industries, Inc.; Shippers Car Line, Inc.; and Floyd Ford, Individually, Appellees.**

No. 01–99–00955–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 15, 2001.

Martin A. Shellist, Houston, for appellant.

Robert J. Montoya, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and BRISTER.

## OPINION

BRISTER, Justice.

Appellant, Richard Zapata, sued his employers (ACF Industries, Inc.; American Railcar Industries, Inc.; and Shippers Car Line, Inc.) and his former supervisor (Floyd Ford) for (1) wrongful termination for refusing to perform an illegal act and (2) intentional infliction of emotional distress. Defendants filed a motion for summary judgment, and the trial court granted the motion without stating reasons on January 1, 1999.

On January 7, 1999, appellant timely filed a motion to reconsider and a motion for new trial. On February 23, 1999, without an oral hearing, the trial court vacated the summary judgment only as to the wrongful termination claim. This order was signed within the 75–day period of the court's plenary power.

On March 4, 1999, Defendants filed a motion to set aside the order vacating the summary judgment, which the court set for oral hearing on April 26th. By that time, the parties agreed that the trial court could not revoke its February order vacating the summary judgment. *See Porter v. Vick*, 888 S.W.2d 789, 789 (Tex. 1994). Accordingly, on May 3, 1999, Defendants filed a "Second Restated Motion for Summary Judgment," incorporating their earlier motion by reference. On June 28, 1999, the trial court signed an order granting this second motion.

### The Order on Appeal

█ In his first issue, Zapata contends the second summary judgment order constitutes an improper "ungranting" of the trial court's earlier order granting a new trial. In *Porter v. Vick*, the Texas Supreme Court held that a trial court cannot revoke an order granting a new trial after its plenary power (as measured from the original judgment) has ended. 888 S.W.2d at 789. But this is not what the trial court did, and in this case the form is important.

█ The rule in *Porter* ensures that a party against whom judgment is rendered can obtain complete appellate review. For example, if the trial court's June 28th order had set aside the new trial order and reinstated the first summary judgment, it would then have been too late (178 days later) for appellant to challenge that first order. In this hypothetical case, an appellant like Zapata could only attempt to appeal the order vacating the new trial. Review of that order would have been severely limited, as trial courts exercise almost total discretion in granting or denying motions for new trial. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

But in this case, the trial court did not set aside the new trial and retroactively reinstate the January 1st summary judgment. Zapata got what he asked for—a

new trial. Unfortunately for him, the summary judgment was rendered a second time. Unlike the plaintiff in the hypothetical who appeals from an order "ungranting" a new trial, Zapata had time to challenge the summary judgment order on the merits, as he has done in this appeal.

 Rather than circumventing the *Porter* rule as Zapata alleges, the trial court's action ensures that he can obtain the full benefit of appellate review. We hold that an order granting a new trial does not prevent a trial court from later rendering summary judgment on the same grounds as those asserted before the new trial was granted.

### Fired or Quit?

In point of error two, Zapata contends summary judgment was improper because there is a fact question whether he was terminated or voluntarily left his employment. Defendants asserted three grounds in their motion for summary judgment: (1) Zapata's claims were barred by limitations; (2) Zapata was not terminated but voluntarily quit; and (3) Zapata was not asked to perform illegal acts. The trial court's summary judgment order does not specify the grounds on which the motion was granted. Zapata's point of error and appellate brief address only the second ground.

 A party appealing a motion for summary judgment must either assert (1) a general point of error attacking the summary judgment as a whole, or (2) separate points of error attacking each of the independent grounds alleged in the motion. *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 291 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Because Zapata failed to do either, we must affirm.

 Even were we to reach Zapata's complaint, the result would be the same.

Construing the evidence in the light most favorable to Zapata, the record establishes that he left his job without requesting permission or medical leave in April 1996, and has never asked to return. No one told him to leave, and he does not assert that he was constructively terminated. He admits he still is not able to perform the work his job requires. An at-will employee is free to leave his employment at any time, but his choice to do so is not a termination. We overrule Zapata's point of error two.

We affirm the trial court's judgment.