Memorandum Opinion issued January 30, 2003







In The
Court of Appeals
For The
First District of Texas
_______________

NO. 01-02-00104-CV
_______________

MICHAEL LUSTER, Appellant

V.

UNION PACIFIC RAILROAD COMPANY AND MISSOURI PACIFIC
RAILROAD COMPANY D/B/A UNION PACIFIC RAILROAD COMPANY,
Appellees
                                                                                                                                            

On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 99-58244
                                                                                                                                            

MEMORANDUM OPINION
          Appellant has filed an unopposed motion to dismiss his pending appeal in this
Court. Appellant contends that his appeal is now moot and should therefore be
dismissed. We agree. 
          This is an appeal from an amended final judgment signed on November 5,
2001, following a jury trial. Based on the jury verdict, the trial court initially signed
a take-nothing judgment on January 26, 2001. Following a timely filed motion for
new trial, the trial court granted a new trial on April 11, 2001. However, in the
amended final judgment, the trial court revoked its order of April 11, 2001, and again
entered a take-nothing judgment. 
          Appellant filed a notice of appeal on November 26, 2001, from the amended
final judgment of November 5, 2001, which was assigned to this Court.


 Appellant
also filed a petition for writ of mandamus in the Fourteenth Court of Appeals,



attacking the November 5, 2001, amended final judgment as void under the reasoning
in Porter v. Vick, 888 S.W.2d 789 (Tex. 1994). 
          On March 11, 2002, the Fourteenth Court issued an opinion in In re Michael
W. Luster, cause no. 14-02-00064-CV, which held the November 5, 2001, amended
final judgment was void. The opinion stated that the writ of mandamus would issue
only if the trial court failed to vacate its judgment of November 5, 2001. Appellee
then filed a petition for writ of mandamus in the Texas Supreme Court directed to the
Fourteenth Court of Appeals. On October 31, 2002, the supreme court issued a ruling
in cause no. 02-0310, denying appellee’s petition for writ of mandamus. Appellee did
not seek rehearing consideration of the supreme court’s order, which is now final. 
          To accompany the Fourteenth Court’s issuance of a conditional writ of
mandamus, appellant has filed a pleading in the trial court requesting that the void
judgment be set aside, and that the new-trial order entered on April 11, 2001, be
reinstated. Accordingly, appellant requests that this Court (1) find the pending appeal
moot and (2) dismiss this matter. 
          We agree with appellant that the amended final judgment of November 5, 2001,
is neither final nor appealable and therefore this Court has no jurisdiction to entertain
this appeal. The general rule, with a few mostly statutory exceptions, is that an
appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it
disposes of all pending parties and claims in the record, except as necessary to carry
out the decree. Id. Accordingly, we grant appellant’s unopposed motion to dismiss
and hereby dismiss this appeal as moot. All other pending motions are denied as
moot. 
PER CURIAM
Panel consists of Justices Taft, Keyes, and Higley.