Barbara **GALLAGHER**, Appellant

v.

**WILLOWS AT SHERMAN ASSISTED LIVING & MEMORY CARE, LP,** Appellee.

No. 05–06–01684–CV.

Court of Appeals of Texas, Dallas.

Jan. 17, 2008.

Rehearing Overruled Jan. 17, 2008.

---

Ronald Huff, Sherman, for Appellant.

Douglas K. Magary, Magary & Associates, Dallas, for Appellee.

Before Justices MOSELEY, LANG, and MAZZANT.

## OPINION ON REHEARING

Opinion by Justice MAZZANT.

Appellee Willows at Sherman Assisted Living & Memory Care, LP ("Willows") filed a motion for rehearing. The Court overrules Willows' motion for rehearing. On the Court's own motion, we withdraw our memorandum opinion issued November 12, 2007 and vacate our judgment of that date. The following is now the opinion of this Court.

Appellant Barbara Gallagher sued Willows for firing her from her job. The trial court granted summary judgment for Willows, then granted Gallagher's motion for new trial, and subsequently signed an order purporting to vacate its order granting a new trial and to reinstate its original summary judgment. Gallagher appealed the reinstatement order. Because the trial court's last order was void, we dismiss the appeal for lack of jurisdiction.

### I. Background

On February 3, 2006, the trial court signed an order granting Willows' Amended Motion for Summary Judgment and disposing of all of Gallagher's claims. Gallagher timely filed a motion for new trial. The motion for new trial was overruled by operation of law on April 19, 2006 (75 days after the court signed its summary-judgment order), but the trial court granted the motion by written order signed on May 16, 2006, which was within the thirty-day plenary-power period allotted by Rule 329b(e). Then Willows filed a "motion for new trial" that was in substance a motion for reconsideration. On November 1, 2006, the trial court signed an order granting Willows' motion in which it recited as follows:

Based on the pleadings and arguments of counsel, the Court grants Defendant's Motion for a New Trial, sets aside its Order of May 16, 2006 and reinstates the Court's Order of February 3, 2006 granting Defendant's Amended Motion for Summary Judgment.

IT IS HEREBY ORDERED that the Court grants a new trial, sets aside its Order of May 16, 2006 and reinstates the Court's Order of February 3, 2006 granting Defendant's Amended Motion for Summary Judgment.

Gallagher filed her notice of appeal on November 27, 2006.

We questioned our jurisdiction over this appeal, and on October 24, 2007 we requested the parties to submit briefs addressing that question. Tex.R.App. P. 42.3(a). Gallagher submitted a letter brief in which she did not dispute that the trial court signed its November 1, 2006 order after plenary power over its original final judgment had expired. Willows filed nothing at the time, but after we dismissed the appeal for lack of jurisdiction it filed a motion for rehearing. We still conclude that we lack appellate jurisdiction and accordingly dismiss the appeal.

## II. Appellate jurisdiction

■ A trial court may not vacate an order granting a new trial outside the court's period of plenary power over the original judgment. *Porter v. Vick*, 888 S.W.2d 789, 789–90 (Tex.1994) (per curiam). An order vacating the order granting a new trial that is signed after the plenary-power period has expired is "void." *Id.* at 789. We have held that such an order is subject to correction by mandamus. *In re 4H Entertainment, Inc.*, No. 05–99–01956–CV, 1999 WL 1194109, at *1 (Tex.App.-Dallas Dec. 16, 1999, orig. proceeding [mand. denied]) (not designated for publication); *accord In re Luster*, 77 S.W.3d 331, 335–36 (Tex. App.-Houston [14th Dist.] 2002, orig. proceeding [mand. denied] ); *In re Steiger*, 55 S.W.3d 168, 171–72 (Tex.App.-Corpus Christi 2001, orig. proceeding).

■ We hold that the trial court's November 1, 2006 order is a void order that purports to "ungrant" a previously granted new trial. Because that order is void, the trial court's last effective order is its May 16, 2006 order granting Gallagher's motion for new trial, which is not appealable. At least two of our sister courts of appeals have dismissed appeals on similar facts. *Autonation Direct.com Inc. v. Thomas A. Moorehead, Inc.*, No. 14–06–00711–CV, 2006 WL 3091480 (Tex.App.-Houston [14th Dist.] Nov. 2, 2006, no pet.) (mem. op.) (per curiam); *Ferguson v. Globe–Texas Co.*, 35 S.W.3d 688, 691–92 (Tex.App.-Amarillo 2000, pet. denied). In the *4H Entertainment* case, we granted mandamus relief directing the trial court to vacate its void order "ungranting" a motion for new trial; after it did so, we dismissed the relator's concurrent appeal for lack of a final judgment. *4H Entertainment, Inc. v. Yoon*, No. 05–99–01933–CV, 2000 WL 150863 (Tex.App.-Dallas Feb. 14, 2000, no pet.) (not designated for publication). Based on these authorities, we conclude that we lack jurisdiction to entertain Gallagher's appeal.

■ On rehearing, Willows urges that the trial court's May 16, 2006 order granting Gallagher's motion for new trial was also void because it was signed more than 75 days after the date the judgment was signed. This is incorrect. Gallagher's motion for new trial was overruled by operation of law under Rule 329b(c), but the trial court's plenary power over its judgment lasted for 30 more days after that by virtue of Rule 329b(e). As we specifically noted in our original opinion, the trial court signed the May 16, 2006 order within that period of plenary power.

Willows also urges on rehearing that the rule we are applying in this case is wrong because it is ultimately derived from a 1961 supreme court opinion that was decided under a different version of Rule 329b. *See generally Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961). Willows argues that the more sensible rule would be to hold that the trial court's order granting a new trial vests it with full plenary power, including the power to dispose of the case by vacating its previous order granting a new trial. It notes that the Amarillo and Houston Fourteenth Courts of Appeals have expressed some sympathy for its view. *See In re Luster,* 77 S.W.3d at 336 n. 3; *Ferguson,* 35 S.W.3d at 691. Although this is true, both of those courts have also held that the supreme court's 1994 opinion in *Porter v. Vick* requires dismissal on these facts, *Autonation,* 2006 WL 3091480, at *1; *Ferguson,* 35 S.W.3d at 691–92, and we read *Porter* the same way.

Moreover, there may be something to be said for the *Porter* rule, despite the inefficiencies it creates in cases like this one. As Justice Brister once wrote for the Houston First Court of Appeals, the *Porter* rule protects the parties' rights to obtain complete appellate review by preventing the trial court from reinstating an old judgment when it is too late for the parties to appeal it. *Zapata v. ACF Indus., Inc.,* 43 S.W.3d 584, 585–86 (Tex.App.-Houston [1st Dist.] 2001, no pet.). The simple way to avoid this problem if the trial court changes its mind is to obtain a new judgment—which the *Zapata* case demonstrates can be based on the very same grounds as the original judgment.

The appeal is dismissed.