

## NUMBER 13-07-00715-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JAHAZIEL RIOS,                                                                          **Appellant,**

**v.**

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,                                          **Appellee.**

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion Per Curiam

Appellant, Jahaziel Rios, attempts to appeal an order vacating an order granting a

new trial in his favor. Currently pending before the Court is a motion filed by appellee,

State Farm Mutual Automobile Insurance Company, to dismiss this appeal for lack of

jurisdiction. Appellee contends that appellant should have appealed the final judgment in this cause and cannot appeal an order vacating a grant of a new trial. In contrast, appellant asserts that the trial court's order vacating the motion for new trial was error. We grant appellee's motion and dismiss the appeal for lack of jurisdiction.

Background

On March 30, 2007, the trial court signed a "take nothing" judgment in favor of appellee. On April 13, 2007, the trial court signed a second "take nothing" judgment. This second judgment is identical to the first judgment, except that the second judgment includes signatures by counsel of record for the parties indicating that the judgment is "approved as to form only." Appellant timely filed a motion for new trial.

On July 18, 2007, the trial court signed an order granting the motion for new trial "in the interest of justice and fairness." Appellee moved to vacate that order on grounds that the trial court's plenary plower had expired prior to that date. The trial court agreed, and on October 29, 2007, vacated the order granting the new trial for lack of jurisdiction. This appeal ensued.

On appeal, appellee contends that an order vacating a grant of a new trial is not a final judgment subject to appeal and appellant was required to appeal the final judgment in this matter. According to appellee, regardless of which judgment controls the appellate deadlines, appellant's notice of appeal was not timely filed. Appellee thus asserts that this appeal should be dismissed for want of jurisdiction. In contrast, appellant asserts that the second judgment reset the appellate timetables and the order vacating the order granting a new trial based on "want of jurisdiction" was in error.

## The Second Judgment

A change in a judgment "in any respect" is all Rule 329b(h) requires to reset the appellate timetable. TEX. R. CIV. P. 329b(h); *see Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *Check v. Mitchell*, 758 S.W.2d 755, 755-56 (Tex. 1988). In the instant case, the second judgment includes the notation that the judgment is "approved as to form only" and is signed by counsel of record. Accordingly, we calculate the deadlines from the second judgment, which was signed on April 13, 2007.

If not determined by written order signed within seventy-five days after the judgment is signed, a motion for new trial is overruled by operation of law on the expiration of that period. Tex. R. Civ. P. 329b(c). Accordingly, appellant's motion for new trial was overruled by operation of law on June 28, 2007. Because appellant timely filed a motion for new trial, the trial court had plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after the motion for new trial was overruled, either by a written and signed order or by operation of law, whichever occurred first. *See* TEX. R. CIV. P. 392b(e). Accordingly, the trial court's plenary power extended until July 30, 2007. See TEX. R. CIV. P. 4; TEX. R. APP. P. 4.1(a). The trial court's order granting a new trial, signed on July 18, was issued within the trial court's plenary jurisdiction.

## Order Vacating New Trial

The trial court entered its order granting a new trial within the period of its plenary power. However, the trial court's order vacating the order granting a new trial was not entered until October 29, 2007, more than six months after the entry of judgment in this matter. A trial court may not vacate an order granting a new trial outside the court's period

3

of plenary power over the original judgment. *Porter v. Vick*, 888 S.W.2d 789, 789-90 (Tex. 1994) (per curiam); *In re Steiger*, 55 S.W.3d 168, 170-71 (Tex. App.–Corpus Christi 2001, orig. proceeding). An order vacating the order granting a new trial that is signed after the plenary power period has expired is "void." *Porter*, 888 S.W.2d at 789.

We hold that the trial court's October 29, 2007 order is a void order that purports to "ungrant" a previously granted new trial. Because that order is void, the trial court's last effective order is its July 18, 2007 order granting appellant's motion for new trial "in the interest of justice and fairness," which is not appealable. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) ("Except in very limited circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal.").

Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). Appellee's motion for extension of time to file its brief in this matter is DISMISSED AS MOOT.

PER CURIAM

Memorandum Opinion delivered
and filed this the 27th day of March, 2008.

4