IN THE SUPREME COURT OF TEXAS












IN THE SUPREME COURT OF TEXAS

 

════════════

No. 06-0491

════════════

 

In re Baylor Medical Center at
Garland, Relator

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

Argued September
27, 2007

 

 

            Justice Johnson,
dissenting.

 

 

            I recognize that there are
conceptual and practical difficulties with the holding of Porter v. Vick,
888 S.W.2d 789 (Tex.
1994). But those are better addressed through the rule-making process than
through the decision-making process. I would not overrule Porter, and
thus dissent.

            Until the 1981 amendments to the
Rules of Civil Procedure became effective, former Rule 329b(3) provided that
motions and amended motions for new trial must be determined “within not
exceeding forty-five (45) days after the original or amended motion is filed,” unless the parties agreed otherwise in writing.
Absent an agreement by the parties or an earlier ruling by the court, the
motion for new trial was overruled by operation of law forty-five days after it
was filed. Tex. R. Civ. P. 329b(3), 17 Tex. B.J.
569 (1955, amended 1981).

            In Fulton v. Finch, 346
S.W.2d 823 (Tex. 1961), we addressed the issue of whether a trial court had the
power to reinstate a judgment that was set aside if the order reinstating it
was entered beyond the forty-five days allowed for determining the motion for
new trial. There the trial court granted a new trial within the specified
forty-five day period. Id. at
825. After the forty-five day period lapsed, the trial court set aside
the new trial order and reinstated the original judgment. Id. at 826. This Court held that an order granting a new trial
must be set aside, if at all, within the forty-five day period set by the
Rules. Id. at 827. We reasoned that “[i]t
was not the intention of [Rule 329b] that an order granting a motion for new
trial should remain open to countermand until a term of court which might be of
six month’s duration should finally expire.” Id.

            Amendments to the Rules effective in
1981 changed the numbering and language of Rule 329b. After the amendments,
Rule 329b(c) provides that if a motion for new trial is not determined by
written order within seventy-five days after the judgment is signed, the motion
is overruled by operation of law. Rule 329b(e) now provides that the trial
court has plenary power to grant a new trial until thirty days after a
timely-filed motion is overruled by a written order or by operation of law,
whichever occurs first.

            For over twenty-seven years since
its amendment, this Court has continued to interpret Rule 329b in accord with Fulton. In Fruehauf
Corp. v. Carrillo, 848 S.W.2d 83 (Tex.
1993), the trial court granted a motion for new trial but vacated the order
within the seventy-five day period referenced in Rule 329b. The court of
appeals held that the trial court did not have authority to vacate its order
granting the new trial. Id. at
84. Citing Fulton,
we held that the trial court had plenary power to reconsider its order during
the seventy-five day period specified by Rule 329b. Id.

            In Porter, 888 S.W.2d 789, we
explained that Freuhauf did not alter the
holding of Fulton.
Porter concerned a non-jury trial in which Judge Vick entered judgment
for the defendant. Id. at 789. The plaintiffs filed a motion for new trial, and a
visiting judge granted it. Id. Judge Vick later vacated the new trial
order. Id.
The plaintiffs sought mandamus relief. Id.
They contended that Judge Vick’s order vacating the new trial was void because
it was entered more than seventy-five days after the judgment was signed. Id. This Court
sustained the contention and conditionally granted mandamus relief directing
Judge Vick to set aside his order vacating the new trial order because it was
void. Id. at 789-90. In doing so, we referenced how long the trial
court’s plenary power lasted when a new trial had been granted:

 

All parties concede
that Judge Vick signed the order vacating the order granting new trial long
past the time for plenary power over the judgment, as measured from the
date the judgment was signed. See, e.g., Tex. R. Civ. P. 329b. 

 

            [The plaintiffs] seek mandamus
relief from this last order, contending it is void under Fulton v. Finch,
346 S.W.2d 823, 826 (Tex. 1961), in which this court held that any order
vacating an order granting a new trial which was signed outside the court's
period of plenary power over the original judgment is void. We sustain their
contention. We did not substantively modify the Fulton v. Finch rule in Fruehauf
Corp. v. Carillo, 848 S.W.2d 83 (Tex. 1993), but
merely clarified that the trial court could vacate, or “ungrant,”
the new trial grant within the plenary power period.

 

Id. (emphasis
added).

            The concept of a trial court’s
plenary power expiring seventy-five days from the judgment date has been
questioned. See Biaza v. Simon, 879 S.W.2d
349, 356-57 (Tex. App.—Houston [14th Dist.] 1994, writ denied); Gates v. Dow
Chem. Co., 777 S.W.2d 120, 124 (Tex. App.—Houston [14th Dist.] 1989), judgm’t vacated by agr.,
783 S.W.2d 589 (Tex.
1989). Whether Rule 329b should be amended in regard to this issue has been the
subject of discussion in the Supreme Court Advisory Committee. See In re
Luster, 77 S.W.3d 331, 336 n.3 (Tex. App.—Houston [14th Dist.] 2002, [mand. denied]); Hearing on Rule 329(b) Before the Supreme
Court Advisory Committee (Mar. 8, 2002) (transcript available at
http://www.supreme.courts.state.tx.us/rules/scac/archives/2002/transcripts/030802pm.pdf)
(last visited Aug. 26, 2008). But the rule has not been amended and courts have
appropriately followed our lead by holding orders vacating or “ungranting” new trial orders are void if entered more than
seventy-five days from the date judgment was signed. E.g., In re Luster,
77 S.W.3d at 335; Ferguson v. Globe-Texas Co., 35 S.W.3d 688, 691-92
(Tex. App.—Amarillo 2000, pet. denied) (noting that according to the plain
language of Rule 329b(e), “a trial court may only vacate an order granting a
new trial during the period in which its plenary power continues, and that
plenary power only continues in effect for 75 days after the date the judgment
is signed”); see also cases cited by the Court ___ S.W.3d at ___ n.8.

            I would adhere to the rule of Fulton
and Porter until and unless Rule 329b is amended. We have said that once
we adopt rules, they have the same force and effect as statutes.[1]
See In re City of Georgetown, 53 S.W.3d
328, 332 (Tex. 2001); Mo.
Pac. R.R. v. Cross, 501 S.W.2d 868, 872 (Tex.
1973); Freeman v. Freeman, 327 S.W.2d 428, 433 (Tex. 1959). We consider stare decisis as having its greatest force in decisions
construing statutes and statutory-like promulgations. See Fiess v. State Farm Lloyds, 202
S.W.3d 744, 749-50 (Tex.
2006). In Fiess, we observed that if, over a
quarter of a century previously, we had incorrectly interpreted an insurance
policy form promulgated by a state agency, it was
strange that the form had not been changed. Id. Similarly here, even though we
are interpreting rules we have adopted, I would view prior interpretations of
them with at least the deference we afford to a form promulgated by an agency.
Absent unusual circumstances, once rules have been adopted and interpreted, as
has Rule 329b in regard to the question before us, we should change those rules
through the rules process as opposed to through decisions interpreting them. We
have interpreted amended Rule 329b consistently for over twenty-seven years,
and we interpreted its predecessor the same for twenty years before that. The
rule has not changed since we last addressed it, and I would not reinterpret it
now.

            There are practical reasons for
staying with the Fulton and Porter construct. Most of them relate
to the idea that if a new trial is granted, at some point the verdict or
judgment needs to be put behind the parties and court so they can focus on
preparing for the new trial without worrying about what effect the prior verdict
and judgment will have: they need closure as to the prior trial. For example,
if a trial court grants a new trial and its power over whether to enter
judgment on the prior verdict or non-jury judgment is not restricted, then the
party who prevailed in the prior trial can, and probably will, pursue motion(s)
to vacate the new trial order whenever a colorable argument can be made. The
situation in this case provides an example of what can happen. The Court is
remanding for the third judge to consider whether a new trial is
appropriate or whether judgment should be entered on the verdict. When a new
trial has been granted and a new judge takes over the case for any
reason, why would the party who prevailed during the first trial not
move for judgment to be entered on the result of the trial under today’s
decision? And this rule may also entail political consideration for judges who
have granted new trials. Further, under the Court’s construct, a trial court
theoretically has the power to grant more than one new trial and then pick the
verdict or result the judge prefers. There needs to be some cutoff beyond which
the parties and the trial court can proceed to the new trial without having the
spectre of the prior verdict and judgment hanging
over them. That can be, and in my view should be, done by rule.

            I would follow Porter and
would not remand for the current judge to reconsider the order granting a new
trial. I would hold that the trial court’s plenary power to vacate the order
has expired and to remand would be useless. I would address the issues of
whether Baylor is entitled to mandamus review, and if so, whether it is
entitled to relief.

 

                                                                        ________________________________________

                                                                        Phil Johnson

                                                                        Justice

 

OPINION DELIVERED: August
29, 2008














[1] The Court does not adopt rules in a vacuum.
It is assisted in the task by a Supreme Court Advisory Committee and numerous
other sources, including State Bar committees and sections of the Bar,
legislators, lawyers in general, and the public. See Texas Court Rules:
History and Process, http://www.supreme.courts.state.tx.us/rules/history.asp
(last visited Aug. 26, 2008).