IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 06-0491

════════════

 

In re Baylor Medical Center at
 Garland, Relator

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

Argued September
27, 2007

 

 

            Justice
Brister delivered the
opinion of the Court, in which Chief
Justice Jefferson, Justice Hecht, Justice O’Neill, Justice Wainwright, Justice
Green, Justice Medina and Justice
Willett joined. 

 

            Justice Johnson filed a dissenting opinion. 

 

            Mandamus
will not issue against a new judge for what a former one did.[1] 
In this medical malpractice case, the jury found for the defendant hospital,
but the trial judge granted a new trial, allegedly based on juror affidavits
prohibited by the rules.[2] 
As a new judge now presides over the trial court, Rule 7.2 requires abatement
of this original proceeding to allow the successor to reconsider the order.[3]


            But
another rule prevents a trial judge from “ungranting” (i.e., vacating) a new
trial order more than 75 days after it is signed.[4] 
As that deadline has passed, we can hardly ask the new judge to reconsider this
order if he has no power to do so.  The hospital urges us to reconsider this
deadline, pointing out that it contradicts the general rules of plenary power
and is unsupported by the current rules of civil and appellate procedure,
stemming instead from a provision that has long since been repealed.

            We
agree.  As with any other order, a trial court should be able to reconsider a
new trial order as long as a case is still pending.  Accordingly, we abate this
proceeding for the current judge to reconsider the order.

I.
Background

            Tammy
and Steve Williams brought a medical malpractice lawsuit against Baylor Medical Center at Garland.  The case was tried to a jury, which found in Baylor’s
favor.  On May 6, 2005, Judge Joe Cox signed a final take-nothing judgment, but
82 days later granted a new trial after further hearings.  Baylor
unsuccessfully sought mandamus relief in the court of appeals, and then sought
relief in this Court.

            In
the meantime Judge Nancy Thomas succeeded Judge Cox, so we abated the case
pursuant to Rule 7.2:

(a) Automatic
Substitution of Officer.  When a public officer is a party in an official
capacity to an appeal or original proceeding, and if that person ceases to hold
office before the appeal or original proceeding is finally disposed of, the
public officer’s successor is automatically substituted as a party if
appropriate. . . .

   

(b) Abatement. If
the case is an original proceeding under Rule 52, the court must abate the
proceeding to allow the successor to reconsider the original party’s decision.[5]


 

Two months
later, Judge Thomas vacated the new trial order and reinstated judgment on the
jury verdict.  As required by our order, Baylor notified us of the development
and moved to dismiss its petition as moot.  But the same day we did so, the
Williamses asked Judge Thomas to reconsider, which she did and once again
reinstated Judge Cox’s new trial order.  

            Baylor
petitioned this Court for relief.  While the case was pending, Judge Jim Jordan
was elected to take Judge Thomas’s place.[6]

II.
Must Baylor File Again in the Court of Appeals?

            As a
preliminary matter, we must decide whether Baylor had to seek relief again in
the court of appeals.  Generally, a party must seek relief in the court of
appeals before seeking it in this Court.[7] 
But the court of appeals has already considered this very order and denied
relief; it was only because Baylor was misled into believing that its first
petition was moot that a new one had to be filed.  As this proceeding is
nothing more than a continuation of the former one, it belongs here rather than
in the court of appeals. 

II.
Can the New Trial Orders be Vacated?

            Nowhere
but Texas can one find a single appellate opinion discussing when a court can
“ungrant” a motion.  Texas has more than 20, almost all dealing with our unique
rule that an order granting a new trial cannot be “ungranted” more than 75 days
after it is signed.[8]


            This
ungrammatical rule stems from Fulton v. Finch, a 1961 opinion in which
we held that an order granting a new trial could not be set aside after the
deadline for ruling on new trial motions.[9] 
That was because rule 329b at the time provided that all motions for new trial
“must be determined” within 45 days:

All motions and
amended motions for new trial must be determined within not exceeding
forty-five (45) days after the original or amended motion is filed, unless by
written agreement of the parties in the case, the decision of the motion is
postponed to a later date.[10]

 

Because
reinstating the original judgment was “tantamount to overruling [the] motion
for new trial,” we held the 45-day deadline imposed an absolute limit on when
an order of new trial could be “undetermined” and the original judgment
reinstated.[11] 


            Rule
329b was amended effective January 1, 1981 to eliminate this “must be
determined” provision.[12] 
Now, the rule terminates the trial court’s plenary power 30 days after all
timely motions for new trial are overruled,[13]
but there is no provision limiting its plenary power if such motions are granted. 
Under the current rules, if no judgment is signed, no plenary-power clock is
ticking. 

            But
some 33 years after Fulton this Court issued Porter v. Vick, a
five-paragraph per curiam opinion that read Fulton to render void any
attempt to vacate a new-trial order after plenary power would have expired had
the original judgment not been set aside.[14] 
But Fulton did not even mention plenary power; it turned on a
rule, since repealed, requiring new trial orders to be decided within 45 days. 
The Porter opinion neither recognizes nor addresses the 1981 changes to
rule 329b.

            Instead,
Porter imposed a deadline based on a purely hypothetical event: the
expiration of plenary power assuming that a vacated judgment had instead become
final.  Plenary power of course expires only after final judgments, not vacated
judgments.  So Porter’s deadline is highly unusual; it is hard to think
of any other case in which a deadline runs from a vacated order.

            Moreover,
rather than enforcing the rules of plenary power, the deadline in Porter v.
Vick is inconsistent with them.[15] 
When a new trial is granted, the case stands on the trial court’s docket “the
same as though no trial had been had.”[16] 
Accordingly, the trial court should then have the power to set aside a new
trial order “any time before a final judgment is entered.”[17]


            It
is possible (though not mentioned in the opinion) that Porter v. Vick sought
to prevent a situation where reinstatement of a previous judgment would prevent
a party from having time to file an appeal.  As parties have 90 days to appeal
when a motion for new trial is filed,[18]
retroactively reinstating an original judgment more than 90 days after it was
signed arguably might prevent any appeal at all.[19] 
But we recently clarified that “a trial judge who modifies a judgment and then
withdraws the modification has modified the judgment twice rather than
never.”[20] 
Rule 329b(h) provides that if a judgment is modified “in any respect”
the appellate timetables are restarted.[21] 
Surely a judgment that is set aside by a new trial order has been modified in some
respect, even if it is later reinstated.[22] 
Thus, if a new trial is granted and later withdrawn, the appellate deadlines
run from the later order granting reinstatement rather than the earlier order.

            It
is true that if trial judges constantly reconsider prior orders, time and money
can be wasted waiting for closure.  But a rule preventing trial judges from ever
reconsidering a prior order would be wasteful too.  New trial orders are
rare, and the long list of cases in footnote 8 shows that trial judges often
think better of them.  Perhaps a rule should be adopted placing a deadline on reinstating
a judgment, even though no rule currently sets a deadline on signing a judgment
in the first place.  But a deadline that appears only in case law sets a trap
for judges and litigants like the one they fell into here.

            “A
trial court’s plenary jurisdiction gives it not only the authority but the
responsibility to review any pre-trial order upon proper motion.”[23] 
This principle is violated by the rule of Porter v. Vick, as succinctly
noted by one Texas justice:

(1) [A]fter a motion
for new trial has been granted, how can a trial court have ongoing plenary
power to re-try the case, etc., but lack plenary power to vacate the decision
to grant the motion for new trial?;  (2) once a trial court determines that a
motion for new trial has been improvidently granted and that a proper
adjudication was, in fact, reached, why must the time and other resources of
the parties and judicial system nevertheless be wasted to relitigate it?; and
(3) why have such anomalies been allowed to persist?[24]

Federal courts
and commentators agree: “There is no sound reason why the court may not
reconsider its ruling [granting] a new trial” at any time.[25] 


            Accordingly,
we overrule Porter v. Vick, and abate this case for Judge Jordan to reconsider whether to enter judgment on the jury verdict or to grant a new trial.

 

                                                            ________________________

                                                            Scott
Brister

                                                            Justice

 

 

OPINION
DELIVERED: August 29, 2008

 

 









[1]
See Tex. R. App. P.
7.2(b); State v. Olsen, 360 S.W.2d 402, 403 (Tex. 1962) (“A writ of
mandamus will not lie against a successor judge in the absence of a refusal by
him to grant the relief Relator seeks.”). 





[2]
See Tex. R. Civ. P.
327(b); Tex. R. Evid. 606(b). 





[3]
Tex. R. App. P. 7.2(b).





[4]
See Porter v. Vick, 888 S.W.2d 789, 789-90 (Tex. 1994); Fulton
v. Finch, 346 S.W.2d 823, 826 (Tex. 1961).





[5]
Tex. R. App. P. 7.2.





[6]
We must address this issue even though the parties have not.  See In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 129 (Tex. 2004) (“When we
learned that the trial judge who denied Prudential’s motion to quash had left
office, we abated our proceeding to allow the parties to seek reconsideration
by the current judge . . . .”); see also State v. Olsen, 360 S.W.2d at
403 (Tex. 1962); In re Newby, No. 07-07-0480-CV, 2007 WL 4374853, at *1
(Tex. App.—Amarillo Apr. 15, 2008, orig. proceeding) (taking judicial notice sua
sponte that trial judge had been indefinitely suspended).





[7]
See Tex. R. App. P.
52.3(e); Republican Party of Texas v. Dietz, 940 S.W.2d 86, 94 (Tex. 1997).





[8]
See Porter v. Vick, 888 S.W.2d 789, 789-90 (Tex. 1994); Fulton v.
Finch, 346 S.W.2d 823, 826 (Tex. 1961); Gallagher v. Willows at Sherman
Assisted Living & Memory Care, LP, 244 S.W.3d 646, 648 (Tex.
App.—Dallas 2008, no pet. h.); Garcia v. Rodriguez, 155 S.W.3d 334, 336
(Tex. App.—El Paso 2004, no pet.); In re Luster, 77 S.W.3d 331, 334–35
(Tex. App.—Houston [14th Dist.] 2002, mand. denied); In re Steiger, 55
S.W.3d 168, 170-71 (Tex. App.—Corpus Christi 2001, no pet.); Zapata v. ACF
Indus., Inc., 43 S.W.3d 584, 585–86 (Tex. App.—Houston [1st Dist.] 2001, no
pet.); Ferguson v. Globe-Tex. Co., 35 S.W.3d 688, 691-92 (Tex.
App.—Amarillo 2000, mand. denied); In re Ellebracht, 30 S.W.3d 605,
607–08 (Tex. App.—Texarkana 2000, no pet.); In re Marriage of Wilburn,
18 S.W.3d 837, 843–44 n.3 (Tex. App.—Tyler 2000, pet. denied); Biaza v.
Simon, 879 S.W.2d 349, 357 (Tex. App.—Houston [14th Dist.] 1994, writ
denied); Carrillo v. Fruehauf Corp., 838 S.W.2d 573, 574 (Tex. App.—San
Antonio 1992), rev’d, 848 S.W.2d 83, 84 (Tex. 1993); Rios v. State
Farm Mut. Auto. Ins. Co., No. 13-07-00715-CV, 2008 WL 802457, at *1-2 (Tex.
App.—Corpus Christi Mar. 27, 2008, no pet. h.); Autonation Direct.com Inc.
v. Thomas A. Moorehead, Inc., No. 14-06-00711-CV, 2006 WL 3091480, at *1
(Tex. App.—Houston [14th Dist.] Nov. 2, 2006, no pet.); Quality Infusion
Care, Inc. v. Ro-West Trust, No. 14-06-00740-CV, 2006 WL 2882953, at *1 (Tex. App.—Houston [14th Dist.] Oct. 12, 2006, no pet.); Hammons v. City Of Krugerville,
No. 2-04-353-CV, 2005 WL 2838602, at *1 (Tex. App.—Fort Worth Oct. 27, 2005, pet.
denied); Itis Inc. v. Kellam, No. 14-03-00598-CV, 2003 WL 21283811, at
*1 (Tex. App.—Houston [14th Dist.] June 5, 2003, no pet.); Tex. Dep’t
of Protective & Regulatory Servs. v. Mastin, No. 03-01-00158-CV, 2002
WL 1343215, at *2 (Tex. App.—Austin June 21, 2002, no pet.); In re Simpson,
No. 01-02-00285-CV, 2002 WL 467731, at *1–2 (Tex. App.—Houston [1st Dist.] Mar.
27, 2002, no pet.); Andres v. Whisner, No. 14-02-00574-CV, 2002 WL
31599903, at *1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2002, no pet.); In
re Gordon, No. 09-97-333-CV, 1997 WL 764735, at *1 (Tex. App.—Beaumont Dec.
11, 1997, no pet.).  Some courts have addressed the same rule without using the
term “ungrant.” See Gallagher, 244 S.W.3d at 648; In re
Marriage of Trice, No. 06-00-00165-CV, 2001 WL 256323, at *1 (Tex.
App.—Texarkana Mar. 16, 2001, no pet.); In re 4H Entm’t, Inc., No.
05-99-01956-CV, 1999 WL 1194109, at *1 (Tex. App.—Dallas Dec. 16, 1999, mand.
denied).  There has also been some question whether the deadline for
“ungranting” such motions is 75 or 105 days.  See In re Steiger, 55
S.W.3d at 171; Biaza, 879 S.W.2d at 357.





[9]
346 S.W.2d 823, 826 (Tex. 1961).





[10] Tex. R. Civ. P. 329b(3), 17 Tex.
B.J. 569 (1954, amended 1960).





[11] 346 S.W.2d at 826 (italics in
original).





[12] See Order of Supreme Court of
Texas, Adopting Amendments to Rules of Civil Procedure, 599-600 S.W.2d
(Court Rules) XXXIII, L–LI (June 10, 1980, eff. Jan. 1, 1981).





[13] Tex. R. Civ. P. 329b(e).





[14] 888 S.W.2d 789, 789 (Tex. 1994)
(“[A]ny order vacating an order granting a new trial which was signed outside
the court’s period of plenary power over the original judgment is void.”). 





[15] See Mathes v. Kelton,
569 S.W.2d 876, 878 (Tex. 1978) (“A trial court has plenary power to reverse,
modify, or vacate its judgment at any time before it becomes final.”); Transamerican
Leasing Co. v. Three Bears, Inc., 567 S.W.2d 799, 800 (Tex. 1978) (same); Black’s Law Dict. 870 (8th ed. 2004) (defining “plenary
jurisdiction” as “[a] court’s full and absolute power over the subject matter
and the parties in a case”).





[16] Wilkins v. Methodist Health
Care Sys., 160 S.W.3d 559, 563 (Tex. 2005) (quoting Wichita Falls
Traction Co. v. Cook, 60 S.W.2d 764, 768 (Tex. 1933)). 





[17] Fruehauf Corp. v. Carrillo,
848 S.W.2d 83, 84 (Tex. 1993).





[18] Tex. R. App. P. 26.1(a)(1).





[19] See Zapata v. ACF Indus., Inc.,
43 S.W.3d 584, 585 (Tex. App.—Houston [1st Dist.] 2001, no pet.).





[20] Arkoma Basin Exploration Co.
v. FMF Assocs. 1990-A, Ltd., 249 S.W.3d 380, 391 (Tex. 2008).





[21] Tex. R. Civ. P. 329b(h) (emphasis added).





[22] See Check v. Mitchell,
758 S.W.2d 755, 756 (Tex. 1988) (“We hold that any change, whether or not
material or substantial, made in a judgment while the trial court retains
plenary power, operates to delay the commencement of the appellate timetable
until the date the modified, corrected or reformed judgment is signed.”).





[23] Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985).





[24] In re Luster, 77 S.W.3d
331, 336 (Tex. App.—Houston [14th Dist.] 2002, mand. denied) (Edelman, J.,
concurring); see also id. at 336 n.3 (noting court of appeals would
“welcome” a rule change to overrule Porter). 





[25]  6A James Wm. Moore, Moore’s Federal Practice ¶ 59.13[1], at
59-277 (2d ed. 1996); accord, U.S. Xpress Enters., Inc. v. J.B. Hunt
Transp., Inc., 320 F.3d 809, 817-18 (8th Cir. 2003); Toole v. Baxter
Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000) (“In this case, the
court’s order for a new trial was an interlocutory order, and therefore the
trial court had the power to revoke it and reinstate the judgment [four years
later].”); Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995); McIsaac
v. Didriksen Fishing Corp., 809 F.2d 129, 135 (1st Cir. 1987); Gallimore
v. Mo. Pac. R.R. Co., 635 F.2d 1165, 1171 (5th Cir. 1981) (“While Rule
59(d) limits the power of the court to grant a new trial on its own initiative
to a time not later than 10 days after entry of judgment, there is nothing
within its principles that precludes the court, on its own initiative, from
vacating an order granting a new trial.”); Bateman v. Donovan, 131 F.2d
759, 764 (9th Cir. 1942) (“But as regards an order granting a new trial after
verdict, such order being interlocutory and not final, since it leaves the case
undisposed of, and the parties before the court, it may be set aside if
erroneously granted, and this may be done even after expiration of the term.”);
East Tenn. Natural Gas Co. v. 3.04 Acres in Patrick County, No.
4:02-CV-000146, 2007 WL 1112678, at *1 (W.D. Va. April 12, 2007); W.W. Allen,
Annotation, Power of court to vacate or modify order granting new trial in
civil case, 61 A.L.R.2d 642, 645 (1958).