**Opinion issued August 15, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00286-CV

———————————

**JOYCE HOPES-FONTENOT, Appellant**

**V.**

**FARMERS NEW WORLD LIFE INSURANCE COMPANY, Appellee**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2011-68916

## MEMORANDUM OPINION

Appellant Joyce Hopes-Fontenot sued appellee Farmers New World Life Insurance Company for failing to pay her a disability benefit of $50,000 under a life insurance policy she purchased for her daughter. Farmers filed a motion for

summary judgment, arguing that the insurance policy did not provide for a $50,000 payment in the event that the purchaser of the policy becomes disabled and that the claims are barred by limitations. The trial court granted the motion for summary judgment without specifying the ground on which the motion was granted. Because Hopes-Fontenot does not challenge all of the grounds on which the trial court may have granted summary judgment, we affirm.

## Background

In 1992, Hopes-Fontenot purchased a life insurance policy for her daughter from Farmers. She received a copy of the policy, which contained a provision called the "Payor Waiver of Deduction Rider," waiving premium payments for a set time if the policy payor died or became disabled. In 2001, Hopes-Fontenot was adjudged disabled by the Social Security Administration, and she made a disability claim to Farmers. Based on statements made by her insurance agent, Hopes-Fontenot alleged that she believed that she was entitled to a lump-sum payment in the benefit amount of $50,000 for becoming disabled. After receiving the information about her disability, Farmers waived the monthly payments due for her policy and credited her $86.36 in administration fees, rather than paying the lump-sum to which she believed she was entitled.

Hopes-Fontenot then sued Farmers for rejecting her claim, alleging breach of common-law duties and contract, bad faith, fraud, negligence, and

misrepresentation. Farmers filed a motion for summary judgment on three grounds: (1) the policy contract plainly and unambiguously does not provide for a $50,000 payment for the payor becoming disabled, only a waiver of premium benefits; (2) even if someone misrepresented to Hopes-Fontenot that her policy contained the $50,000 payment term, any reliance on those alleged misrepresentations would not be justified because she is charged with knowledge of her insurance policy; and (3) her causes of action are barred by limitations. The trial court granted Farmers's motion without stating the grounds on which it based its decision. Hopes-Fontenot then timely filed this appeal.

## Analysis

Litigants appearing on their own behalf must comply with all applicable laws and rules of procedures, and they are held to the same standards as are licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). A pro se litigant is required to properly present her case on appeal, and we may not make allowances or apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Rules of Appellate Procedure require appellate briefs to contain clear and concise arguments with appropriate citations to the record and supporting

authorities. TEX. R. APP. P. 38.1(i). Nevertheless, we construe briefs liberally and substantial compliance with the rules is sufficient. *See* TEX. R. APP. P. 38.9.

In Hopes-Fontenot's two-page appellate brief, she asserted that Farmers and her agent, Barsales Insurance Agency, represented to her that she purchased coverage providing for a $50,000 payor disability payment. She also contends that Farmers is "at fault for not including the payor disability information in the contract." Finally, she reasserts the claims from her petition for breach of duty and breach of contract. Her appellate brief does not address the argument made in the summary-judgment motion that her extra-contractual claims are barred because she is charged with the knowledge of her insurance policy, which does not contain a term providing for the lump-sum payment she seeks. Nor does her brief address the argument that her suit is barred by limitations. Her brief also lacks a general point of error attacking the summary judgment as a whole.

When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, the appellant must negate all grounds on appeal. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (relying on *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). A party appealing a motion for summary judgment must either assert (1) separate points of error attacking each of the independent grounds alleged in the motion, or (2) a

general point of error attacking the summary judgment as a whole. *Zapata v. ACF Indus., Inc.*, 43 S.W.3d 584, 586 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis*, 68 S.W.3d at 898 (relying on *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)).

Here, the summary judgment may have been rendered, properly or improperly, on the unchallenged ground of limitations. Because this ground was not challenged, we must affirm.

We affirm the trial court's judgment.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.