Opinion issued February 19, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00021-CV

————————————

**REGINA SOPHUS, Appellant**

**V.**

**HOUSTON POLICE DEPARTMENT HOMICIDE DIVISION
AND NEW HOPE HOUSING, Appellees**

---

On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1036595

---

## MEMORANDUM OPINION

Regina Sophus sued New Hope Housing[1] and the Houston Police

Department ("HPD") Homicide Division, alleging that she was harassed by

---

[1]   Sophus sued "New Hope Apartments," but the proper party name is New Hope Housing.

neighbors and that HPD police officers were unresponsive to her complaints. The HPD Homicide Division moved to dismiss under Texas Rule of Civil Procedure 91a on the ground that it lacked capacity to be sued, and the trial court granted the motion. New Hope Housing moved for summary judgment on the ground that Sophus's petition did not state a claim against it, and the trial court granted the motion. We affirm.

## Background

Sophus's petition recounted various allegations of harassment by neighbors while living in a variety of apartments in the Houston area. Sophus alleged that she made police reports, and at one point during this time, requested an update regarding her reports from an officer in the HPD Homicide Division. According to her petition, that officer told her that the neighbors reported that she was "crazy" and that the neighbors were "using" her for "doing a job."

Sophus alleged that, after experiencing these issues, she signed a year-long lease agreement with New Hope Housing in October 2012. She alleged that after moving into New Hope, her neighbors there also harassed her and broke into her apartment. She reported these complaints to HPD and alleged that her complaints were never resolved.

The HPD Homicide Division moved to dismiss pursuant to Texas Rule of Civil Procedure 91a on the ground that it lacked capacity to be sued. It argued that

2

it was created by ordinance and is a subdivision of HPD, which is in turn a subdivision of the City of Houston, and therefore it could not be sued separately and apart from the City. In the alternative, the HPD Homicide Division argued that even if it were a proper party, Sophus pleaded no cause of action against it for which governmental immunity is waived. The trial court granted the plea and dismissed for lack of jurisdiction.

New Hope Housing moved for summary judgment, arguing that Sophus's petition was too vague to put New Hope on notice of how to defend the suit. New Hope also argued that the pleading affirmatively demonstrated that no cause of action existed against New Hope, and was therefore subject to dismissal. The trial court granted the motion for summary judgment.

## Discussion

Litigants appearing on their own behalf must comply with all applicable laws and rules of procedure, and they are held to the same standards as licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). A pro se litigant must properly present her case on appeal, and we may not make allowances or apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Serv., Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Rules

of Appellate Procedure require appellate briefs to contain clear and concise arguments with appropriate citations to the record and supporting authorities. TEX. R. APP. P. 38.1(i). As always, however, we construe briefs liberally; substantial compliance with the rules is sufficient. *See* TEX. R. APP. P. 38.9.

In Sophus's appellate brief, she reiterates some of the factual allegations contained in her filings with the trial court and makes new allegations regarding additional alleged harassment. She does not present any legal argument that the case should not have been dismissed or that summary judgment should not have been granted. Nor does her brief comport with the requirements of Rule 38.1, which requires an appellant to state the issues presented and make a clear and concise argument for her contentions with appropriate citations to legal authorities and the record. *See* TEX. R. APP. P. 38.1(f) & (i). The brief contains no citations to the record or to cases.

With respect to the HPD Homicide Division, Sophus does not present any argument that the case should not have been dismissed because the HPD Homicide Division lacked capacity to be sued, or that she pleaded a cause of action for which governmental immunity is waived. By failing to raise any legal issue related to the dismissal of the case against the Homicide Division, Sophus has waived any argument pertaining to this potential issue. *See* TEX. R. APP. P. 38.1.

With respect to New Hope, Sophus does not present any legal argument challenging the summary judgment. A party appealing a motion for summary judgment must either assert (1) separate points of error attacking each of the independent grounds alleged in the motion, or (2) a general point of error attacking the summary judgment as a whole. *Zapata v. ACF Indus., Inc.*, 43 S.W.3d 584, 586 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Because Sophus did neither, we must affirm the trial court's judgment in favor of New Hope. *See id.*

## Conclusion

We affirm the judgment of the trial court. All pending motions are dismissed as moot.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.