**In re Leila Regenia Brown HIDALGO, Relator.**

**Leila Regenia Brown Hidalgo, Appellant,**

**v.**

**Alvin Steve Hidalgo, Appellee.**

No. 05–06–00966–CV.

Court of Appeals of Texas, Dallas.

Feb. 25, 2009.

Rehearing Overruled April 7, 2009.

Brad M. Lamorgese, McCurley, Orsinger, McCurley, Nelson & Downing, Dallas, for appellant.

Georganna L. Simpson, Law Offices of Georganna L. Simpson. Dallas, for appellee.

Before Justices WRIGHT, MOSELEY, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

Our original opinion in this case was based largely on the Texas Supreme Court's decision in *Porter v. Vick*, 888 S.W.2d 789 (Tex.1994) (per curiam). Thereafter, however, the supreme court overruled *Porter*. *In re Baylor Med. Ctr. at Garland*, No. 06–0491, 2008 WL 3991132 (Tex. Aug.29, 2008). Alvin Steve Hidalgo filed a motion for rehearing and Leila Regenia Brown Hidalgo filed a response to the motion for rehearing. We grant the motion for rehearing and withdraw our opinion, order, and judgment of August 20, 2008. This is now the opinion of the Court.

In this consolidated proceeding, Leila Regenia Brown Hidalgo (Wife) filed a petition for writ of mandamus and an appeal from the trial court's order regarding her motion to enforce the terms of a California divorce decree against Alvin Steve Hidalgo (Husband). We conclude the trial court had plenary power to reinstate its original final order after timely vacating that order and returning the case to the docket. We deny the petition for writ of mandamus and affirm the trial court's final order.

## BACKGROUND

Husband and Wife were divorced in California in 2002. Their divorce decree incorporated their marriage settlement agreement between the parties that, among other things, provided for Husband to pay: (1) spousal maintenance to Wife; and (2) premiums on a life insurance policy covering Husband for Wife's benefit. In 2003, Wife filed the California decree in Texas as a foreign judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 35.003 (Vernon 2008). She also filed a motion to enforce the decree against Husband for failure to pay spousal support. Thereafter, the parties signed an agreed order modifying the marriage settlement agreement, which the trial court signed on March 14, 2005. This order is not in dispute in this proceeding.

Months later, Wife again sought an order to enforce the divorce decree, claiming Husband failed to pay the life insurance premiums. She requested reimbursement for premiums she had paid to keep the policy in force and an order requiring Husband to continue paying the premiums. Husband disputed the motion, contending he was no longer required to pay the premiums because he retired in 2005. On January 3, 2006, the trial court signed an order denying Wife's motion for enforcement, stating that Husband's obligation to pay the insurance premiums terminated as of January 1, 2005.

Wife filed a motion for rehearing. She asked the court to change its January 3, 2006 order to state that in the event Husband returns to work before age 65, he will be required to pay spousal support and pay the premiums on a life insurance policy as required by the divorce decree.

On April 4, 2006, ninety-one days after the trial court signed the January 3, 2006 order, the trial court signed a written "Ruling" in favor of Wife. In that document, the court referenced its January 3, 2006 order, stated the court had jurisdiction under rule 329b, and "vacate[d] its prior ruling." The court found Husband was obligated to pay spousal support and maintain the life insurance policy until Wife's death. The court also stated Husband owed Wife all the premiums she had

paid on the life insurance policy; the court stated this amount was approximately $7,900 at the time of the December 2005 hearing, plus additional premiums up to the date of the ruling. The ruling also awarded Wife $1,150 against Husband for attorneys' fees.

Within thirty days of the April 4 ruling, Husband filed a motion for new trial and a motion to confirm the January 3, 2006 order. The trial court signed an order granting Husband's motion on July 5, 2006. That order states:

> The Court Grants the Respondent's Motion to Confirm the January 3, 2006 Order Denying Motion for Enforcement. The Court finds that the Petitioner's Motion for Rehearing filed January 9, 2006 did not extend the plenary power of this Court as it did not seek a substantive change in the Judgment and that the First Amended Motion for Rehearing filed March 22, 2006 was not timely. Accordingly, the Court lost jurisdiction on February 2, 2006. IF [sic] the motion were found to extend the plenary power of the Court under TRCP 329b, the Court finds that there was no Final Judgment entered before April 18, 2006 reflecting the April 4, 2006 Ruling.
>
> The Court ORDERS that the January 3, 2006 Order Denying Motion for Enforcement is Confirmed as the Final Order of this Court and ORDERS that the April 4, 2006 Ruling is set aside.

Thereafter, Wife filed a notice of appeal and also filed a petition for writ of mandamus. We consolidated the original proceeding and the appeal.

In a single issue, Wife contends the trial court erred by "retroactively determining it lacked jurisdiction to render the final orders it intended to render." Wife contends (1) the January 9, 2006 motion for rehearing extended the trial court's plenary power under rule 329b; (2) the April 4, 2006 ruling was an order vacating the January 3, 2006 order; and (3) the trial court's July 5, 2006 order setting aside the April 4, 2006 ruling and confirming the January 3, 2006 order as the final order of the court was void. We agree with the first two contentions, but reject the third.

## STANDARD OF REVIEW

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Bass*, 113 S.W.3d 735, 738 (Tex.2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

Whether a trial court has jurisdiction is a question of law we review de novo. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Mullins v. Mullins*, 202 S.W.3d 869, 873 (Tex.App.-Dallas 2006, pet. denied).

## DISCUSSION

We begin with some preliminary observations. First, the California divorce decree, filed in Texas under the Uniform Enforcement of Judgments Act, has the same effect and is subject to the same procedures as a judgment of the Texas court where filed. *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(c). Second, in resolution of Wife's first motion to enforce that decree and with the consent of the parties, the trial court modified that judgment on March 14, 2005.

Third, there can be only one final judgment in a case. Tex.R. Civ. P. 301. However, the trial court retains both statutory and inherent power to enforce its judgment. *See* Tex. Fam.Code Ann. §§ 9.001–.014 (Vernon 2006); Tex.R. Civ. P. 308 ("the court shall cause its judgments and decrees to be carried into exe-

cution"); *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982) (courts have inherent power to enforce judgments); *Hines v. Villalba,* 231 S.W.3d 550, 553 (Tex.App.-Dallas 2007, no pet.) (same). To the extent an order enforcing a final judgment disposes of all the issues of all the parties before the court, that order constitutes a final order and is also appealable. *See Reynolds v. Reynolds,* 860 S.W.2d 568, 570 (Tex.App.-Dallas 1993, writ denied) (citing *Starr v. Starr,* 690 S.W.2d 86, 87 (Tex.App.-Dallas 1985, no writ) (per curiam)).

With this background in mind, we first address the effect of the January 3, 2006 order. Both parties treat this order as a final order. We agree. The order constituted the trial court's ruling disposing of all the issues of all the parties before it, namely: Wife's second motion to enforce a prior final judgment. Thus we conclude the January 3, 2006 order was a final order, and treat it as a judgment for purposes of determining the trial court's continuing jurisdiction.

▆▆ We next consider whether Wife's "motion for rehearing" extended the trial court's plenary power over its January 3, 2006 final order. Husband argues the motion is neither a motion for new trial nor a motion to modify, correct, or reform the January 3, 2006 order. Tex.R. Civ. P. 329b(a), (g). However, we look to the substance of a pleading or motion, not its title, to determine its effect. *See Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999) (courts "look to the substance of a motion to determine the relief sought, not merely to its title"); *Doctor v. Pardue,* 186 S.W.3d 4, 16 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).

Although entitled a motion for rehearing, Wife's motion did not ask for a new trial or a new hearing on her enforcement motion. Rather, it argued the trial court's final order should be changed to state that

Husband will have the obligation to pay the premiums on a life insurance policy if he returns to work before age 65. We conclude Wife's motion sought a substantive change to the January 3, 2006 final order. Thus, her motion was a motion to modify under rule 329b(g) and had the effect of extending the trial court's plenary power over that final order. *Lane Bank Equip. Co. v. Smith S. Equip. Inc.,* 10 S.W.3d 308, 314 (Tex.2000) (timely filed post-judgment motion seeking a substantive change in existing judgment qualifies as a motion to modify under Rule 329b(g)); *see also* Tex.R. Civ. P. 329b(g).

▆ If not decided by a written order, a timely motion for new trial or to modify, correct, or reform the judgment (or final order) is overruled by operation of law seventy-five days after it is signed. Tex.R. Civ. P. 329b(c). Wife's motion, which was not decided by a written order, was overruled by operation of law on March 19, 2006. However, the trial court retained plenary power over its final order for an additional thirty days after the last timely filed motion for new trial or motion to modify was overruled, or until April 18, 2006. Tex.R. Civ. P. 329b(e). Thus, the trial court had plenary power over the January 3, 2006 final order when it signed its April 4, 2006 "Ruling." We next consider the effect of that ruling.

▆ Husband argues the April 4, 2006 "Ruling" was not an order of the trial court but merely a letter requesting submission of a written order for the court's signature. We disagree. The ruling was not in the form of a letter to counsel, and it did not request either party to prepare and submit an order. Instead, it bore the trial court's caption, case name, and cause number at the top of the page. Moreover, it stated the action the court was taking, and it was signed by the trial court and

entered in the minutes of the court. Thus it was a written order of the trial court. *See Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex.1993) (order granting new trial must be written and signed; oral pronouncement and docket entry not sufficient); *cf. Perdue v. Patten Corp.,* 142 S.W.3d 596, 603 (Tex.App.-Austin 2004, no pet.) (letter stating court granted motion for new trial but directing attorney to prepare order for court' signature was not an order for rule 329b purposes).[1]

█ Both parties agree the April 4, 2006 order was not in itself a new final order. We agree. The order expressly stated the court "vacate[d] its prior ruling," referencing the January 3, 2006 final order. It also found that Husband was obligated to maintain the life insurance policy and stated Husband owed Wife the premiums she had paid. However, it did not contain express language indicating the trial court intended to dispose of all issues and parties. Moreover, it did not calculate the total amount owed at the time of the order, or order Husband to pay any such amount, nor did it dispose of Wife's request that Husband be held in contempt or award pre- and post-judgment interest and court costs.

█ By vacating rather than modifying the January 3, 2006 final order, the April 4, 2006 order effectively granted a new trial, which was within trial court's power to do at that time. *See* TEX.R. CIV. P.

329b(c) (if timely motion for new trial or to modify, correct or reform judgment is not determined by written order signed with 75 days after judgment, it is overruled by operation of law); *id.* 329b(e) (if motion for new trial is timely filed, trial court "has plenary power to grant new trial or to vacate, modify, correct, or reform the judgment" until thirty days after motion is *overruled* by signed written order or by operation of law); *id.* 329b(g) (motion to modify, correct, or reform a judgment "shall extend the trial court's plenary power" in same manner as motion for new trial). An order setting aside or vacating a judgment returns the parties to the position they occupied before rendition of the judgment and leaves the case as if no judgment had been rendered. *In re Baylor Med. Ctr.,* 2008 WL 3991132 at *2 (when new trial granted case stands on trial court's docket the same as though no trial had been had); *Hunter v. O'Neill,* 854 S.W.2d 704, 705 (Tex.App.-Dallas 1993, no writ) (order granting new trial is unappealable interlocutory order; case stands on docket as if no judgment had been rendered). We conclude the same rule applies to an order setting aside or vacating what would otherwise be a final, appealable order. *See Starr,* 690 S.W.2d at 88. Thus, the effect of the April 4, 2006 order was to return Wife's motion for enforcement to the trial court's docket.

█ Thereafter, on July 5, 2006, the trial court signed an order granting Hus-

---

1. In his motion for rehearing, Husband continues to argue the April 4, 2006 order did not grant a new trial. Although the April 4, 2006 order did not use the words "new trial," it was a written and signed order vacating the court's prior judgment. It expressly referenced Wife's motion for rehearing and vacated the court's prior ruling. *Cf. In re Nguyen,* 155 S.W.3d 191, 194 (Tex.App.-Tyler 2003, orig. proceeding) (scheduling order signed after motion for new trial was filed was not a signed written order under rule 329b where it

did not reference the pending motion for new and did not adjudicate the merits of the motion for new trial). Thus, we conclude the April 4, 2006 order was a written and signed order for purposes of rule 329b. TEX.R. CIV. P. 329b(c). The effect of vacating the prior judgment was to return the case to the trial court's docket as if no judgment had been rendered. Absent a final judgment, further proceedings in the trial court were necessary to dispose of the case and Husband's argument to the contrary is rejected.

band's motion to confirm, setting aside the April 4, 2006 order, and confirming the January 3, 2006 order as the final order of the court. We now turn to the effect of the July 5, 2006 order.

At the time Wife filed her appeal and petition for writ of mandamus, the law was clear that once a trial court timely granted a new trial, or vacated a prior final judgment, the court had plenary power to "ungrant" the new trial and reinstate the prior judgment only during the seventy-five day period when it would have had plenary power over the original judgment. *See Porter*, 888 S.W.2d at 789–90; *Gallagher v. Willows at Sherman Assisted Living & Memory Care, LP*, 244 S.W.3d 646, 648 (Tex.App.-Dallas 2008, no pet.); *Hunter*, 854 S.W.2d at 705. Based on this holding, Wife argued the trial court's July 5, 2006 order was void because it was signed outside the trial court's plenary power. Based on *Porter*, we agreed, holding that because the July 5, 2006 order was signed beyond the trial court's plenary power, it was not effective to set aside the April 4, 2006 order, and thus there was no final judgment from which to appeal. *See also Gallagher*, 244 S.W.3d at 648 (void order subject to correction by mandamus).

However, shortly after our original opinion issued, the supreme court reconsidered *Porter*. The court stated that the holding in *Porter* was based on case law interpreting a prior version of rule 329b and on a hypothetical event—the expiration of plenary power assuming a vacated judgment had instead become final. *In re Baylor Med. Ctr.*, 2008 WL 3991132 at *2. The court reasoned that when a new trial is granted, the case stands on the docket as if no trial had been had and "the trial court should then have the power to set aside a new trial order 'any time before a final judgment is [rendered].'" *Id.* (quoting *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83,

84 (Tex.1993)). The court observed there is no provision in rule 329b limiting the trial court's plenary power after granting a motion for new trial. *In re Baylor Med. Ctr.*, 2008 WL 3991132 at *2 (Tex. Aug.29, 2008) ("Under the current rules, if no judgment is signed, no plenary-power clock is ticking."). Because " '[t]here is no sound reason why the court may not reconsider its ruling [granting] a new trial' at any time," the court overruled *Porter. Id.* at *3 (citations omitted).

Husband then filed a motion for rehearing arguing that under *Baylor Medical Center*, the trial court's July 5, 2006 order was valid and should be affirmed. In response to the motion for rehearing, Wife argues the order should be reversed because the reasons stated in the order for confirming the judgment were incorrect, and, at a minimum, we should abate the mandamus proceeding and allow the new judge of the trial court to reconsider the July 5, 2006 order. *See* Tex.R.App. P. 7.2(b); *In re Baylor Med. Ctr.*, 2008 WL 3991132 at *1.

Based on the supreme court's holding in *Baylor Medical Center* overruling *Porter*, after the trial court vacated the January 3, 2006 final order on April 4, there was no time limit on the trial court's power to vacate the April 4 order and reinstate the January 3, 2006 final order. Thus, the July 5, 2006 order reinstating the January 3, 2006 judgment was not void. *See id.* at *2. Moreover, by "confirming" the January 3, 2006 order, we conclude the July 5, 2006 order was effective to incorporate the terms of the January 3, 2006 order and itself constituted a final order subject to appeal:

Surely a judgment that is set aside by a new trial order has been modified in some respect, even if it is later reinstated. Thus, if a new trial is granted and later withdrawn, the appellate deadlines

run from the later order granting reinstatement rather than the earlier order. *In re Baylor Med. Ctr.*, 2008 WL 3991132 at *1. (Footnote omitted.).

In response to the motion for rehearing, Wife argues the trial court's stated reasons for signing the July 5, 2006 final order were incorrect. The trial court concluded it lost jurisdiction over the case because the motion for rehearing did not extend the court's plenary power under rule 329b and, alternatively, if the motion extended the court's plenary power, that power expired 105 days after the judgment when no new final judgment based on the April 4, 2006 ruling was signed. On this basis, Wife asserts the July 5, 2006 final order should be reversed even though the *Porter* rule has been overruled.

■ Even though the trial court's reasons may have been incorrect, it had power to reinstate the January 3 final order when it signed the July 5 order. Further, other than the procedural/jurisdictional issues discussed above, Wife's appeal from the July 5, 2006 final order did not challenge the trial court's decision to deny her motion to enforce the divorce decree. We cannot reverse a judgment based on unassigned error. *See Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450 (Tex.1998); *Shaun T. Mian Corp. v. Hewlett–Packard Co.,* 237 S.W.3d 851, 857 (Tex.App.-Dallas 2007, pet. denied).

Because the supreme court has overruled *Porter,* the July 5, 2006 final order, which reinstated the January 3, 2006 order and thus disposed of all the issues and parties before the trial court, is not void. We overrule Wife's sole issue in her appeal. *See In re Baylor Med. Ctr.,* 2008 WL 3991132 at *3.

■ We now consider the petition for writ of mandamus and whether the original proceeding must be abated under appellate rule 7.2(b). Under rule 7.2, if a public officer is a party in an official capacity to an appeal or original proceeding, that officer's successor is automatically substituted as a party if appropriate. *See* Tex.R.App. P. 7.2(a). Further, if the case is an original proceeding, the appellate court "must abate" the proceeding to allow the successor to reconsider the original party's decision. Tex.R.App. P. 7.2(b). In *Baylor Medical Center,* after overruling *Porter* the supreme court abated the case to allow the successor judge to reconsider the original judge's decision. *See In re Baylor Med. Ctr.,* 2008 WL 3991132 at *3. However, unlike *Baylor Medical Center,* the matter before us is a consolidated appeal and original proceeding. Moreover, neither rule 7.2(b) nor any other rule allows—much less requires—abatement of an appeal in similar circumstances.

■ In resolving the appeal, we concluded above that the July 5, 2006 order is not void. We also concluded it was a final order of the trial court and thus appealable. *See In re Baylor Med. Ctr.,* 2008 WL 3991132 at *2. This decision necessarily has two effects. First, Wife had an adequate remedy at law from the July 5, 2006 order—an appeal, which she timely perfected. Second, the July 5, 2006 order was final by the time the new judge took office and thus the trial court has no power now to reconsider that order. *See id.* at *1.[2]

Rule 7.2(b) is a rule of judicial economy. In this case, however, judicial economy is fostered by deciding the appeal, and denying the petition for writ of mandamus.

---

**2.** We take judicial notice that the successor judge in the trial court took office no earlier than January 1, 2007.

Accordingly, good cause exists in the case for suspending rule 7.2(b). Tex.R.App. P. 2. We suspend rule 7.2(b) and deny Wife's petition for writ of mandamus. *See* Tex. R.App. P. 2, 7.2(b).

### Conclusion

We deny the petition for writ of mandamus. We overrule Wife's issue and affirm the trial court's July 5, 2006 order.