Leila Regenia Brown HIDALGO, Petitioner,

v.

Alvin Steve HIDALGO, Respondent.

No. 09–0415.

Supreme Court of Texas.

May 28, 2010.

Rehearing Denied June 18, 2010.

Brad M. LaMorgese, Stephen Michael Orsinger, Gene Alexander Leposki, McCurley Orsinger McCurley Nelson & Downing LLP, Dallas, Richard R. Orsinger, McCurley Orsinger McCurley Nelson & Downing LLP, San Antonio, Keith Griffin, Attorney at Law, Dallas, Teresa L. Campbell, Flynn Campbell & Francis, Southlake, Charles R. Hodges, Denton, TX, for Petitioner.

Georganna L. Simpson, Jeremy C. Martin, Simpson * Martin, LLP, Larry Hance, Hance & Wickham, P.C., Dallas, TX, for Respondent.

PER CURIAM.

■ Should a party who relies on a then-valid procedural argument in the court of appeals be able to assert substantive arguments if this Court invalidates the procedural argument while the case is pending? We answer yes.

Leila and Alvin Hidalgo were divorced in California in 2002, and the divorce decree required Alvin to obtain life insurance with Leila as beneficiary. Leila filed the California decree in Texas state court as a foreign judgment. *See* TEX. CIV. PRAC. & REM. CODE § 35.003. In 2005, Leila filed a motion to enforce the decree, claiming Alvin had failed to pay the insurance premiums. Alvin disputed her claim, contending he was now retired and no longer required to carry the policy.

This appeal concerns the interplay of three different trial court orders:

*Order 1 (January 3, 2006).* This order denied Leila's motion for enforcement of the divorce decree, stating Alvin was no longer required to maintain the insurance policy. Leila filed a motion for rehearing, asking the trial court to amend the order to state that Alvin must resume paying premiums if he returns to work before age 65.

*Order 2 (April 4, 2006).* This order, 91 days later, vacated Order 1 and held that Leila's motion for rehearing sought a substantive change to the first order and extended the trial court's plenary power to vacate it based on Texas Rule of Civil Procedure 329b. Rule 329b provides that a motion to modify a final order has the effect of extending the trial court's plenary power over that final order. Order 2 directed Alvin to pay all the policy premiums then due. This order effectively granted Leila a new trial. Alvin then filed a motion for new trial and a motion to confirm Order 1.

*Order 3 (July 5, 2006).* This order, 183 days after Order 1 (92 days after Order 2), set aside Order 2 and confirmed Order 1 in favor of Alvin as the final order. The court gave two reasons for setting aside Order 2:(1) Leila's motion for rehearing did not satisfy Rule 329b because it did not seek a substantive change to Order 1; and (2) even if the motion for rehearing did satisfy Rule 329b, there was no final judgment reflecting Order 2 that was issued before the expiration of the trial court's plenary power under Rule 329b.

Leila appealed on grounds that Order 3 was void under then-controlling *Porter v. Vick*, which held that a trial court may vacate or "ungrant" a new trial order only within 75 days of the date the judgment is signed, the period specified in Rule 329b(c) for ruling on a motion for new trial. 888 S.W.2d, 789, 789–90 (Tex.1994). Leila also filed a petition for writ of mandamus. The court of appeals consolidated the appeal and the mandamus petition.

The court of appeals initially granted Leila mandamus relief. Relying on *Porter*, the court held that Order 3 favoring Alvin was void because it "was signed outside the time period within which a trial court may revive a prior judgment by vacating the order granting a new trial— seventy-five days from the date of the original judgment." However, after the court of appeals issued its opinion, we issued *In re Baylor Medical Center at Garland*, which held that "[w]hen a new trial is granted, the case stands on the trial court's docket 'the same as though no trial had been had.'" 280 S.W.3d 227, 230–31 (Tex.2008) (quoting *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex.2005)). Thus, a trial court has power to set aside an order granting a motion for new trial "'any time before a final judgment is entered.'" *Id.* at 231 (quoting *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993)).

In light of *Baylor Medical Center*, the court of appeals granted Alvin's motion for rehearing and held that Order 3 was not void after all. 279 S.W.3d 456, 458, 462. The court analyzed the three trial court orders described above and concluded that Order 1 was a final order and judgment, Order 2 "effectively granted a new trial," and Order 3 "itself constituted a final order subject to appeal." *Id.* at 460–62. The court of appeals determined that Order 3 was not void, although the court noted that "the trial court's reasons" for signing it "may have been incorrect." *Id.* at 462, 463.

■ Leila's initial briefs in the court of appeals focused on her argument that Order 3 was void because the trial court had lost jurisdiction to issue it; she did not attack Order 3 on substantive grounds. Further, the court of appeals indicated it would not consider substantive arguments because it considered them waived. *Id.* at 463. Leila's appeal to this Court requests that she now be allowed to assert substantive arguments since, under *Baylor Medical Center*, Order 3 is no longer procedurally void.

This Court may remand the case to the court of appeals "for further proceedings in light of changes in the law." TEX.R.APP. P. 60.2(f). By similar logic, we have noted in the context of our authority to remand to the trial court that "we have discretion to remand for a new trial in the interest of justice, ... [and] [t]he most compelling case for such a remand is where we overrule existing precedents on which the losing party relied at trial." *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex.1992).

When Leila briefed her case to the court of appeals, she made a legally meritorious procedural argument that Order 3 was void as untimely. Further, the court of appeals at that time had no reason to reach the substantive merits of a jurisdictionally void order. Due to the timing of events, Leila is confronted with a trial court judgment that she believes is substantively defective, but she has not had the opportunity to have those arguments heard on appeal. In light of a change in the law and in the interest of justice, Leila should be allowed to argue to the court of appeals the substantive reasons she believes the trial court's judgment was erroneous.

Accordingly, we grant the petition for review and, without hearing oral argument, TEX.R.APP. P. 59.1, reverse the court of appeals' judgment and remand to that court for further proceedings consistent with this opinion.