**Deny and Opinion Filed October 5, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01208-CV

### IN RE DALTON PFIFFNER, Relator

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-20122**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Stoddart
Opinion by Justice Bridges

In this petition for writ of mandamus, relator requests that the Court direct the successor judge of the 254th Judicial District Court to reconsider an evidentiary ruling underlying the predecessor judge's September 3, 2015 final order on a petition for modification. Alternatively, relator requests that the Court vacate the final order signed by the predecessor judge and order the trial court to conduct a new trial. We deny the petition.

Without addressing whether the trial court abused its discretion, we conclude relator is not entitled to mandamus relief. Mandamus is an appropriate remedy only where appeal does not provide an adequate means for asserting the relator's claims. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A writ of mandamus is not a substitute for an appeal. *In re Bernson,* 254 S.W.3d 594, 596 (Tex. App.—Amarillo 2008, orig. proceeding).

In this case, because the petition for writ of mandamus reflects a final order has been signed,[1] any relief relator seeks may be pursued by appealing the trial court's modification order.[2]

We also decline relator's request that we abate this proceeding pursuant to rule 7.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 2. "Mandamus will not issue against a new judge for what a former one did." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008)(orig. proceeding). Because mandamus relief is not appropriate in this case due to the availability of an adequate remedy by appeal, there is no threat that the successor judge will be subject to mandamus based on an order made by her predecessor. When there is no possibility that mandamus relief will be granted, the purpose of rule 7.2(b) is not served by requiring the successor judge to reconsider the predecessor's ruling. *See In re Hidalgo*, 279 S.W.3d 456, 463-64 (Tex. App.—Dallas 2009) (concluding judicial economy would not be served by requiring reconsideration of an order in a case already pending on appeal), *rev'd on other grounds sub nom. Hidalgo v. Hidalgo*, 310 S.W.3d 887 (Tex. 2010); *see also Bowling v. State,* No. No. 13-15-00299-CR, 2015 WL 5626265, at *1 (Tex. App.—Corpus Christi Sept. 17, 2015, no. pet. h.) (concluding that because court dismissed petition for writ of mandamus as moot, it need not abate for reconsideration of trial court's orders).

We deny the petition for writ of mandamus.

151208F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[1] The mandamus record does not include the trial court's order but the petition represents that the order was signed September 3, 2015. TEX. R. APP. P. 52.7 (mandamus must include certified or sworn copy of every document material to relator's claim for relief.

[2] Although the deadline for filing a timely notice of appeal runs today, it does not appear relator has filed a notice of appeal. A party with an available appeal who fails to pursue that remedy ordinarily is not entitled to seek relief by mandamus. *See Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 309 n.1 (Tex. 1981) (orig. proceeding); *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.—Fort Worth 2009, orig. proceeding).