**In re Steven L. SONDLEY, Sr.**

No. 07–99–0072–CV.

Court of Appeals of Texas, Amarillo.

March 10, 1999.

Steven L. Sondley, Sr., Navasota, pro se.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

PER CURIAM.

In this proceeding, relator Steven L. Sondley, Sr. seeks mandamus relief against G. Thomas Cannon, Judge of the Lubbock County Court at Law No. 2. He requests that we order the respondent judge to "consider his 'First Amended Original Answer and Motion to Dismiss Where Court Lacks Jurisdiction and Petitioners Lack Standing.'" Because we lack authority to enter such an order, we deny the relief sought.

According to relator's petition, Mike and Kathy Hargrove filed suit in respondent's court seeking to terminate relator's parental rights and to adopt his child. He acknowledges that he was appointed legal counsel at his request because he is imprisoned and cannot afford representation. However, he maintains,

---

6. *See* Tex. Lab.Code Ann. §§ 61.001–.095 (West 1996).

he is unhappy with that attorney's representation and consequently has filed several pro se pleadings with the court. He asserts that because he is represented by an attorney, the court has ignored his pro se pleadings, in particular, his above entitled pleading.

A writ of mandamus will only be issued "to correct a clear abuse of discretion or [a] violation of a duty imposed by law where there is no other remedy by law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In civil cases, a party is entitled to represent himself or to be represented by an attorney, but he is not entitled to representation partly by counsel and partly pro se. Tex.R. Civ. P. 7; *Posner v. Dallas County Child Welfare Unit,* 784 S.W.2d 585, 588 (Tex.App.—Eastland 1990, writ denied). Consequently, a trial court is under no mandatory duty to accept or consider pleadings filed pro se by a party who is represented by counsel. That being true, relator has not shown that respondent has violated a duty or abused his discretion. Without such a showing, relator is not entitled to mandamus.

Accordingly, relator's petition must be, and is hereby, denied.