NO. 07-08-0232-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2008

In re: JOHANSON LEE WATSON,

Relator

_____

***Original Proceeding***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the petition of Johanson Lee Watson for a writ of mandamus. He requests that we "direct the trial court to comply with its own order." The order in question was entered in March of 2007 and required DNA testing on evidence involved in his criminal trial. We deny the petition.

According to relator's petition, he moved for DNA testing and appointed counsel. The trial court subsequently granted both requests. However, relator, acting *pro se* despite having legal counsel, maintains that the trial court failed to comply with its directive and seeks a writ telling the "trial court to comply with its own order" and apparently cause the DNA testing to occur.

In civil cases, a party is entitled to represent himself or to be represented by an attorney, but he is not entitled to representation partly by counsel and partly *pro se*. TEX. R. CIV. P. 7; *In re Sondley*, 990 S.W.2d 361, 362 (Tex. App.–Amarillo 1999, orig.

proceeding).  Moreover, we have no obligation to accept or consider pleadings filed *pro se* by a party who is represented by counsel.  *In re Sondley*, 990 S.W.2d at 362.  So, because Watson has appointed counsel but no right to hybrid representation, we deny his petition for a writ of mandamus per our holding in *Sondley*.


Brian Quinn
Chief Justice