**Affirmed and Opinion Filed April 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01671-CV

## IN THE INTEREST OF T.L.B., A MINOR CHILD

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 06-0634-59**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Appellant Teresa Sutton appeals the trial court's order granting appellee Natasha Bolton's no-evidence motion for summary judgment. In three issues, Sutton argues (1) the trial court violated her due process rights by conducting the summary judgment hearing without her attorney present and not allowing her to participate; (2) the trial court erred by instructing opposing counsel at the end of the summary judgment hearing to find more case law, which she contends essentially allowed an extension, and then unfairly denied her motion to extend time to file an adequate summary judgment response; and (3) the trial court erred by granting Bolton's no-evidence motion for summary judgment. Because the underlying facts are well-known to both parties, we include only those necessary for disposition of the appeal. TEX. R. APP. P. 47.1. We affirm the trial court's judgment.

## Background

After a jury trial regarding the modification of an order affecting the parent-child relationship, Sutton, the grandmother of T.L.B., was designated as T.L.B.'s sole managing conservator. The jury determined circumstances had materially and substantially changed since the trial court entered the "agreed order in suit to modify" rendered on July 12, 2011. The jury further determined appointing Sutton as sole managing conservator in place of Bolton, T.L.B.'s mother, would be in T.L.B.'s best interest.

Bolton filed a motion for new trial arguing the evidence was legally and factually insufficient to support the jury's findings because Sutton failed to prove by a preponderance of the evidence that a material and substantial change had occurred and that naming Sutton as the sole managing conservator was in T.L.B.'s best interest. Sutton's attorney filed an "original answer to motion for new trial" and entered a "general denial." The trial court granted Bolton's motion for new trial.

After an adequate time for discovery had passed, Bolton filed a no-evidence motion for summary judgment arguing no evidence existed to overcome the presumption that, as T.L.B.'s biological mother, T.L.B. should remain with her, and there was no evidence Bolton's environment endangered T.L.B.'s physical health or significantly impaired her emotional development. *See* TEX. FAM. CODE ANN. § 153.131 (West 2014). Bolton attached to her motion the social study ordered by the trial court, which was also introduced at trial. The study concluded T.L.B. should remain with Bolton.[1] Bolton also attached the official findings from Child Protective Services, also admitted at trial, which "ruled out" Sutton's allegations against T.L.B.

---

[1] The study stated, "Mrs. Sutton appears to be more concerned with her own agenda than with what is best for the Child. Her actions appear to be more intent on preventing relationships than on fostering healthy relationships for the Child."

Despite being represented by counsel, Sutton filed a pro se response to the no-evidence motion for summary judgment, which stated in its entirety that "Teresa Sutton denies every statement in the motion for summary judgment." She attached no evidence to her response.

On October 9, 2013, the trial court held a brief hearing on the no-evidence motion in which Sutton's counsel failed to appear. The trial court questioned its authority to grant a no-evidence motion for summary judgment in a suit affecting the parent-child relationship and requested authority from Bolton's counsel.

On October 21, 2013, Sutton's new attorney filed a motion to extend time to file a response to the no-evidence summary judgment. The trial court denied the motion and granted Bolton's no-evidence motion for summary judgment on November 8, 2013. This appeal followed.

## Participation in Summary Judgment Hearing

In her first issue, Sutton argues the trial court violated her due process rights by conducting the summary judgment hearing without her attorney present and by not allowing her to participate. Bolton did not file a responsive brief.

Although Sutton contends the trial court did not allow her to participate in the hearing or give her an opportunity to explain her position, the record does not indicate Sutton made any request or demand to the trial court to be heard. Thus, the record does not indicate the trial court denied her any opportunity to participate. Moreover, the court can rule on a summary judgment motion on the basis of the written motion, response, and supporting summary judgment evidence with no hearing whatsoever. *Guereque v. Thompson*, 953 S.W.3d 458, 464 (Tex. App.—El Paso 1997, pet. denied). Therefore, a party does not have a right to participate in a hearing.

In addition, Sutton was represented by counsel, and in civil cases a party is entitled to represent herself or to be represented by an attorney, but she is not entitled to representation

partly by counsel and partly pro se. TEX. R. CIV. P. 7; *In re Sondley*, 990 S.W.2d 361, 362 (Tex. App.—Amarillo 1999, orig. proceeding); *Posner v. Dallas Cnty. Child Welfare Unit*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied) (concluding party does not have a right to hybrid representation in civil cases). As such, to the extent Sutton argues she personally should have been given the opportunity to participate in the hearing, the law is to the contrary.

We are likewise unpersuaded by Sutton's argument that the trial court should have allowed her to explain why her attorney was not present at the hearing because she believed he was required to attend. Although a court may, and it is common knowledge that the court often does, permit counsel to be heard at the hearing, rule 166a does not extend to counsel a right to present argument for or against the motion. *Thacker v. Thacker*, 496 S.W.2d 201, 205 (Tex. App.—Amarillo 1973, writ dism'd). In fact, "[S]ince all party and counsel participation necessary to prepare and present the summary judgment situation is required to be concluded prior to the day set for hearing the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel participation at the hearing granting the motion for summary judgment." *Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.). As such, Sutton's right to due process was not violated because the trial court conducted a hearing without her attorney. We overrule her first issue.

### Extension to File a Response

In her second issue, Sutton argues the trial court erred by instructing opposing counsel at the end of the summary judgment hearing to find case law supporting the granting of a no-evidence summary judgment in SAPCR proceedings, which she contends essentially granted Bolton an extension. She further argues the trial court then unfairly denied her motion to extend time to file an adequate summary judgment response.

Although Sutton alleges the trial court improperly granted Bolton an extension, Sutton has failed to comply with the briefing requirements provided in Texas Rule of Appellate Procedure 38.1(i). Rule 38.1(i) requires that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The appellate court has no duty to brief issues for an appellant. *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *Id.*

Here, Sutton failed to provide any substantive argument, citations to authority, or record citations in support of her allegations that the trial court unfairly granted an extension by asking Bolton's attorney to provide additional case law. Accordingly, her issue is not preserved for our review.

We now consider whether the trial court abused its discretion by denying Sutton's motion for leave to file a late summary judgment response. *See Carpenter v. Cimarron Hydrocarbons*, *Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (reviewing trial court's ruling on a motion for leave to file late summary judgment response for abuse of discretion). We first note that while Sutton frames her issue as a denial of her motion for leave to file a late summary judgment response, the record indicates she filed a pro se response.[2] Therefore, the situation before us is not one in which a party failed to file any response. Rather, Sutton appears to argue she should have been allowed an extension to file an amended or supplemental response. In her brief, she argues the following:

> Appellant mistakenly trusted Attorney John Mabary whom she had
> retained for $5,000.00 and whom she believed to have the
> expertise or knowledge to properly handle the case for which he

---

[2] According to Sutton's motion to extend the time to file a response to the no-evidence summary judgment, her attorney filed a "General Denial response to the Summary Judgment Motion." This document does not appear in our record. We ordered supplementation of the record to include both the no-evidence motion for summary judgment and this response. The supplemental record contains the no-evidence motion and the pro se motion filed by Sutton, which indicates this is the only response in the trial court's record.

> was hired. Appellant being unsophisticated and unknowledgeable in the procedures of the law was unaware that the answer provided by Mr. Maybary [sic] was grossly inadequate to serve the purpose for which it was intended.

In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing. TEX. R. CIV. P. 166a(c). Only with the trial court's permission may the nonmoving party file summary judgment evidence or responses past the seven-day deadline. *Id*. A motion for leave to file a late or amended summary judgment response should be granted when a nonmovant establishes good cause by showing the failure to timely respond (1) was not intentional or the result of conscious indifference but the result of accident or mistake and (2) allowing the late response will not cause undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d at 686.

In her motion to extend time to file a "legitimate" response, Sutton argued new evidence existed; however, she failed to provide any detail about the alleged new evidence or attach any supporting documentation to support her claim. She did not explain how her attorney's failure to timely file an appropriate response was not intentional or the result of conscious indifference but the result of accident or mistake. Her motion simply says she relied on the expertise of Mabary and he "neglected his duty to file all appropriate documents." Moreover, she did not explain how allowing the response would not injure Bolton. Thus, Sutton wholly failed to meet the *Carpenter* standard of establishing that good cause existed to grant her motion. Because the trial court did not abuse its discretion by denying Sutton's motion, we overrule her second issue.

### Merits of No-Evidence Motion for Summary Judgment

In her third issue, Sutton argues the trial court erred by granting Bolton's no-evidence motion for summary judgment "in light of all the evidence presented during and prior to trial."

We review de novo a trial court's grant of summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claim on which the nonmovant would have the burden of proof at trial. *Miles v. Lee Anderson Co.*, 339 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was granted, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2008). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged element. TEX. R. CIV. P. 166a(i).

In this case, we determine whether Sutton produced any evidence of probative force to raise a fact issue to overcome the presumption that it is in the best interest of a T.L.B. for Bolton to be appointed managing conservator. TEX. FAM. CODE ANN. § 153.131 (parental presumption applies unless it would not be in the child's best interest and appointment would impair the child's physical health or emotional development).

Sutton argues the evidence presented to the trial court prior to the jury trial, and the jury trial itself, provides more than a scintilla of evidence to raise a fact issue. Therefore, the trial court erred by granting the no-evidence motion for summary judgment.

Sutton fails to recognize the procedural posture of her case after the trial court granted Bolton's motion for new trial. When a trial court grants a motion for new trial, "the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 263 (Tex. 2005). The case "shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had." *Id*. Thus, an order granting a new trial

does not prevent a trial court from later rendering summary judgment on the same grounds as those asserted before the new trial was granted. *Zapata v. ACF Indus., Inc*., 43 S.W.3d 584, 586 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also Shepherd v. Young*, No. 01-08-00071-CV, 2011 WL 4399978, at *3 (Tex. App.—Houston [1st Dist.] Sept. 22, 2011, no pet.) (mem. op.).  Because the granting of the new trial started the case as if no trial ever occurred, Sutton needed to provide evidence in her response to overcome Bolton's no-evidence motion.  This she failed to do.  Because Sutton failed to carry her burden, the trial court properly granted Bolton's no-evidence motion for summary judgment.  We overrule Sutton's third issue.

## Conclusion

The judgment of the trial court is affirmed.

131671F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF T.L.B., A MINOR
CHILD

No. 05-13-01671-CV

On Appeal from the 59th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 06-0634-59.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers
participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Natasha Bolton recover her costs of this appeal from
appellant Teresa Sutton.


Judgment entered April 23, 2015.