**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00204-CV**
_____

**IN RE DAVID EARL STANLEY**

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

In this mandamus proceeding, David Earl Stanley requests that we order the Judge of the 258th District Court of Polk County, Texas, to make a ruling on *pro se* motions that Stanley filed in a civil case while he is represented by counsel. We deny the petition for writ of mandamus.

Stanley states that counsel was appointed to represent him on criminal charges that are no longer pending. Stanley also states that he was never notified that the attorney had been appointed on the civil forfeiture case, but it appears that the lawyer filed an answer on Stanley's behalf. Proceeding *pro se* in this Court, Stanley complains that the trial court has not acted on either his *pro se* motion to

dismiss counsel and appoint new counsel or his *pro se* motion to dismiss the forfeiture case for want of prosecution.

A trial court may appoint counsel in a civil case. *See* Tex. Gov't Code Ann. § 24.016 (West 2004). However, a person does not have a right to appointed counsel in a civil forfeiture case. *See $585.00 U.S. Currency v. State*, No. 03-09-00012-CV, 2009 WL 2837716, at *2 (Tex. App.—Austin Aug. 31, 2009, pet. denied) (mem. op.). It is not clear whether the trial court appointed an attorney to represent Stanley in the civil forfeiture proceeding or to represent Stanley in a criminal case, but it appears the lawyer that voluntarily filed an answer on Stanley's behalf in the forfeiture case is the attorney in charge of the case. *See* Tex. R. Civ. P. 8.

Stanley does not allege that he filed a sworn written motion to require the attorney in the forfeiture case to show authority to represent him in that proceeding. *See* Tex. R. Civ. P. 12. In the absence of a mandamus record that shows that Stanley challenged the lawyer's authority under Rule 12, or that counsel has withdrawn from the civil forfeiture case so that Stanley is now *pro se* in the trial court, the trial court had the discretion to ignore Stanley's *pro se* filings. *See In re Sondley*, 990 S.W.2d 361, 362 (Tex. App.—Amarillo 1999, orig. proceeding) ("[A] trial court is under no mandatory duty to accept or consider pleadings filed

2

pro se by a party who is represented by counsel."). We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on July 1, 2015
Opinion Delivered July 2, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.