

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00700-CV

**IN RE** Stephen Patrick **BLACK**

Original Mandamus Proceeding[1]

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: December 5, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

Relator Stephen Patrick Black filed this original mandamus proceeding, seeking to compel the trial court to rule on various motions and to allow him to represent himself in proceedings relating to his civil commitment as a sexually violent predator. We deny the petition in part and conditionally grant it in part.

### BACKGROUND

Black was civilly committed in April 2016, after a jury found he is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE § 841.081; *In re Commitment of Black*, 522 S.W.3d 2 (Tex. App.—San Antonio 2017, pet. denied), *cert. denied sub nom. Black v. Texas*, No. 18-5029,

---

[1] This proceeding arises out of Cause No. CV-15-1805, styled *In re Commitment of Stephen Patrick Black*, in the 274th Judicial District Court, Guadalupe County, Texas, the Honorable Gary L. Steel presiding.

2018 WL 3223824 (U.S. Oct. 1, 2018). A person who has been civilly committed under Chapter 841 receives biennial reviews of his status. *See* TEX. HEALTH & SAFETY CODE §§ 841.101–.103. In the biennial review, the Texas Civil Commitment Office contracts an expert to conduct an examination to assess any change in the behavioral abnormality of the committed person. *Id.* § 841.101. The report of the examination, recommendations, and other materials are sent to the committing court. *See id.* The court reviews the materials and determines whether a requirement imposed on the committed person should be modified and whether there is probable cause to believe the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *Id.* § 841.102(c). The committed person is entitled to representation during the biennial review process; however, the probable cause determination need not be made at a formal evidentiary hearing and the committed person is not entitled to be present. *See id.* § 841.102(b); *In re Commitment of Richards*, No. 09-14-00243-CV, 2014 WL 3697027, at *3–4 (Tex. App.—Beaumont July 24, 2014, orig. proceeding [mand. denied]) (mem. op.) (per curiam). If the court determines there is such probable cause or that a modification of conditions is warranted, the court sets a formal evidentiary hearing. TEX. HEALTH & SAFETY CODE § 841.103.

In addition to the biennial reviews, the committing court retains jurisdiction to amend the terms and conditions of the civil commitment order. *Id.* § 841.082(e); *see In re State*, 556 S.W.3d 821, 823-24 )Tex. 2018) (orig. proceeding). A committed person may also petition the court for release from commitment under various circumstances. *See* TEX HEALTH & SAFETY CODE §§ 841.121–.124.

Chapter 841 provides for a right to counsel in the proceedings seeking to adjudicate a person to be a sexually violent predator, in biennial review proceedings, and at hearings conducted on petitions for release. *Id.* §§ 841.002(3-a), .005, .102(b), .144(a). The Office of State Counsel

for Offenders (SCFO) is statutorily designated as counsel for an indigent person in such proceedings. *Id.* § 841.005(a). If the SCFO is unable to represent the person, the court must appoint other counsel. *Id.* § 841.005(b). However, a person committed under Chapter 841 is not statutorily entitled to counsel in connection with a motion to modify the terms and conditions of the civil commitment order. *In re State*, 556 S.W.3d at 827.

Black is indigent, and the SCFO was Black's statutorily designated counsel in the proceeding to adjudicate him a sexually violent predator. The SCFO remained Black's appointed counsel when the evaluations for Black's 2018 biennial review began. In his petition for a writ of mandamus, Black enumerates numerous motions, requests for hearings, and motions requesting rulings that he filed, *pro se*, in the trial court from October 2017 through June 2018. In a motion filed on January 5, 2018, Black requested the court to appoint him new counsel for the biennial review. He reurged the motion in a March 5, 2018 affidavit and in a May 11, 2018 motion. Black also filed a motion to modify the terms of his commitment, requesting removal of a GPS tracking device. However, most of Black's motions relate to the biennial review process,[2] which concluded on May 9, 2018, when the trial court signed an order. The order includes the trial court's findings that "probable cause does not exist to believe that . . . Black's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence" and the court "does not find that any of the requirements of . . . Black's civil commitment should be modified at this time." The trial court did not set for hearing or expressly rule on any of the motions Black filed *pro se*.

---

[2] Black's motions relating to the 2018 biennial review included a motion to appoint an expert witness, a motion to order incorrect information removed from a psychological report, a motion to stay the biennial review proceedings, objections to the State psychologist's evaluation and to the Texas Civil Commitment Office's summary, a motion to admit supplemental evidence, and a motion to be present for his biennial review.

**FAILURE TO SET AND RULE ON MOTIONS**

In his first issue, Black asserts that Respondent abused his discretion by failing to set a hearing date and rule on all Black's properly filed motions.

A trial court has a ministerial duty to consider and rule upon properly filed and pending motions within a reasonable period of time. *In re Marez*, 345 S.W.3d 503, 504 (Tex. App.—San Antonio 2011, orig. proceeding); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, the trial court is not required to set and conduct a formal hearing on a motion "[u]nless required by the express language or the context of a particular rule or statute." *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam); *see In re Richards*, 2014 WL 3697027, at *3-4; *In re Commitment of Cortez*, 405 S.W.3d 929, 933-34 (Tex. App.—Beaumont 2013, orig. proceeding). Further, because a party is not entitled to hybrid representation, the trial court does not have a duty to rule on motions filed by a party, *pro se*, when that party is represented by counsel in the proceeding. *In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981, at *13 (Tex. App.—Dallas Aug. 30, 2017, pet. denied) (op. on reh'g); *In re Sondley*, 990 S.W.2d 361, 362 (Tex. App.—Amarillo 1999, orig. proceeding) (per curiam).

The exhibits to Black's petition establish he filed his motions with the trial court clerk and pursued them by subsequent filings in which he requested the motions be set and ruled upon. However, they also establish that the SCFO was Black's statutorily appointed counsel, remained his counsel for the 2018 biennial review, and was not removed as counsel by the trial court. Therefore, except for the motion to appoint counsel, the trial court did not have a duty to consider and rule on Black's *pro se* motions concerning the biennial review proceedings. *See id.*

Black's January 5, 2018 motion to appoint counsel asserted the SCFO had a conflict of interest and requested the trial court to terminate the services of the SCFO and appoint him new

counsel. *See* TEX. HEALTH & SAFETY CODE § 841.102 (committed person entitled to counsel for biennial review); § 841.005(b) (if SCFO unable to represent indigent person, court shall appoint other counsel). In an affidavit Black filed on March 5, 2018,[3] he reurged the motion and asserted the SCFO had "repeatedly declined to represent [him] at hearings or proceedings," and Black requested appointment of new counsel to represent him for the duration of his civil commitment. We find the trial court had a duty to rule on Black's motion to appoint new counsel and the trial court failed to rule on the motion after a reasonable period of time. Accordingly, we conditionally grant the petition for a writ of mandamus solely as it relates to the failure to rule on Black's January 5, 2018 motion to appoint new counsel. To the extent Black seeks to compel the trial court to set and hold a formal hearing on the motion, we deny that relief.

In the pleading filed on December 4, 2017, Black sought to modify the terms of his commitment order by requesting removal of a GPS tracking device. Because Black is not entitled to appointed counsel for a motion to modify the terms of his commitment order and was not represented by counsel in connection with the December 4 motion, the motion was properly filed *pro se*. However, we conclude the trial court impliedly ruled on the motion in its May 9, 2018 order when it found that none of the requirements of Black's civil commitment should be modified.

### SELF-REPRESENTATION

In his second issue, Black seeks an order compelling the trial court to "recogniz[e his] constitutional right to self-representation." Black asserts "he motioned Respondent several times to recognize his right to Self-representation." However, the mandamus exhibits do not support this assertion. Black's January 5, 2018 motion to appoint counsel expressly requests that new counsel be appointed, disclaims any desire to proceed *pro se*, and states that he "fully requires the services

---

[3] The appendix to the petition contains only the first page of the affidavit.

of a competent civil litigation attorney." Black has provided only the first pages of his March 2018 affidavit and May 11, 2018 "Motion Denouncing Present Counsel." Those pages refer to Black's dissatisfaction with the SCFO and to his previously filed motion to appoint counsel. However, the pages provided do not contain a request to proceed without counsel in the biennial review proceeding and do not assert a right to self-representation. Assuming, without deciding, that Black has a right to represent himself in a biennial review proceeding, he has not shown that he attempted to exercise that right before the trial court rendered its probable cause order on May 9, 2018.[4]

## CONCLUSION

For the reasons stated above, we conditionally grant the petition for a writ of mandamus in part and order Respondent to consider and rule on the January 5, 2018 Motion to Appoint Counsel within the next ten days. A writ will issue only if the trial court fails to do so. All other relief requested in Black's petition for a writ of mandamus is denied.

Luz Elena D. Chapa, Justice

---

[4] Black has provided a copy of a letter to Respondent dated July 9, 2018, in which Black clearly expresses a desire to represent himself in proceedings relating to his civil commitment. However, at that time, the biennial review had been completed and the mandamus record does not show there were any proceedings then pending before the trial court relating to Black's civil commitment.