**Motions Disposed and Order filed December 11, 2018**



In The

# Fourteenth Court of Appeals

———————

NO. 14-18-00281-CV

———————

## IN THE INTEREST OF M. E. H.

**On Appeal from the 345th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-AG-15-002375**

## ORDER

This order addresses three motions filed by appellant C.H.: (1) a pro se motion seeking alternate forms of relief, (2) a motion to substitute counsel filed by attorney Brandi Stokes, and (3) a motion filed by Stokes to extend time to file appellant's brief.

### Relevant Procedural Background

This appeal arises from a February 2018 final order in a suit affecting the parent-child relationship. Appellant represented herself from the appeal's inception through September 10, 2018, at which time attorney Adam Casner filed a motion on her behalf. (The motion was denied, and neither the substance of the motion nor our

ruling is at issue in this order.)

In August 2018, court reporter Laura Taylor filed 10 volumes of the reporter's record, then requested an extension of time to file the remaining volumes. We issued two orders, the first on October 11, 2018 and the second on October 30, 2018, directing Taylor to file the remainder of the record. Taylor informed us after receiving the October 30, 2018 order that the record was complete. On November 1, 2018, we issued an order (1) stating Taylor had informed us the reporter's record was complete, and (2) setting appellant's brief due by December 3, 2018.

On November 27, 2018, appellant filed a pro se motion entitled, "Appellant's Motion to Enforce Reporter Record Filing." The motion asserts Taylor "has not correctly and fully filed the reporter's record. Namely, the record is not complied [sic] into one large, sequential and chronological record with consecutive page numbers." Appellant requested us to "enforce immediate filing of the record." Appellant made two additional requests:

> Appellant request [sic] court designate appeal as an accelerated appeal or give this appeal precedent [sic] as a child under three has had custody changed from mother to father . . . .

> If the [court of appeals] declines to expedite, give precedent [sic] or accelerate the appeal, **Appellant requests to drop the appeal as she no longer wants to prosecute**. . . .

(Boldface added.) Texas Rule of Appellate Procedure 10.3(a) prohibits us from hearing or determining appellant's motion until 10 days after the motion was filed.

On December 3, 2018, before the 10-day period expired, attorney Brandi Stokes filed a notice of designation of lead counsel signed by her and appellant. Stokes also filed two motions on appellant's behalf: a motion to substitute counsel, and a motion to extend time to file appellant's brief. The motion for extension refers to and appears to rely on the pro se motion.

2

## Pro Se Motion

A party in a civil case is entitled to represent himself or be represented by a lawyer, but he may not do both. A court does not abuse its discretion by refusing to consider a represented party's pro se filings. *See, e.g.*, *In re S.V.*, No. 05-16-00519-CV, __ S.W.3d __, 2017 WL 3725981, at *13 (Tex. App.—Dallas Aug. 30, 2017, pet. denied) (op. on reh'g); *In re Sondley*, 990 S.W.2d 361, 362 (Tex. App.—Amarillo 1999, orig. proceeding) (per curiam). Appellant is represented by counsel, so we will not consider her pro se filings.

We **DENY** appellant's pro se motion filed on November 27, 2018.

## Motion to Substitute Counsel

The motion to substitute does not state it was delivered to appellant in person or mailed by certified and first-class mail to her at her last known address. Accordingly, the motion does not comply with Texas Rule of Appellate Procedure 6.5. Tex. R. App. P. 6.5(b), (d). However, Stokes' notice of designation of lead counsel is signed by appellant, which is one of the options allowed for such a designation under Texas Rule of Appellate Procedure 6.1(c). Under these circumstances, appellant's signature on the notice of designation of lead counsel suffices to establish she knows of and consents to Stokes' substitution.

We **GRANT** appellant's motion to substitute counsel.

## Motion for Extension

Counsel's motion for extension appears to incorporate the pro se motion's request regarding the reporter's record. For that reason, we will address that request.

The motion asserts the reporter's record is incomplete. "If anything relevant is omitted from the reporter's record, . . . any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental

3

reporter's record containing the omitted items." Tex. R. App. P. 34.6(d).

We **GRANT** appellant's motion for extension until **January 7, 2019**.

## <u>Caution Regarding Hybrid Representation</u>

Attorney Adam Casner's filing of a motion in September 2018 implied appellant was no longer representing herself. Appellant then filed a pro se motion, with no mention of Casner, seeking dismissal of her appeal as alternate relief. Before we could consider the pro se motion, a second attorney appeared on behalf of appellant and filed motions seeking relief at odds with the request for dismissal. Appellant does not help herself in this court by bouncing between pro se filings and filings by an attorney.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell