

# NUMBER 13-26-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JUAN PARDO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña[1]**

Relator Juan Pardo filed a pro se petition for writ of mandamus asserting that the

trial court abused its discretion by issuing ex parte writs of attachment for relator's arrest.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This is the second original proceeding regarding this same issue. *See In re Pardo*, No. 13-26-00020-CV, 2026 WL 113439, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2026, orig. proceeding) (mem. op.) (dismissing relator's petition for writ of mandamus which was filed by disqualified counsel).

Relator also filed a motion for emergency relief seeking to stay the orders at issue in this original proceeding.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Upon receipt of relator's petition for writ of mandamus and request for emergency relief, this Court granted relator's request for emergency relief, ordered the writs at issue to be stayed, and ordered the real parties in interest, Claudia Pahola Almazan and Rosario Hinojosa, to file a response to the petition for writ of mandamus. Almazan filed a motion to dismiss the petition for writ of mandamus on grounds that Pardo "is not qualified to proceed pro se" because he "has two qualified and competent attorneys of record." Almazan requested that we dismiss the petition for writ of mandamus. Almazan also asked this Court to "require" Pardo to "terminate" the legal services of his counsel, have them file motions to withdraw, and have the trial court grant those motions. Pardo has

filed a "reply" to Almazan's motion to dismiss arguing that he is entitled to relief on the merits.[3]

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that this original proceeding should be dismissed. In civil cases, "a party is not entitled to representation partly by counsel and partly pro se." *In re S.V.*, 599 S.W.3d 25, 44 (Tex. App.—Dallas 2017, pet. denied) (op. on reh'g); *see In re H.O.*, 555 S.W.3d 245, 247 n.1 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Smith v. Smith*, 22 S.W.3d 140, 153 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *In re Sondley*, 990 S.W.2d 361, 362 (Tex. App.—Amarillo 1999, orig. proceeding) (per curiam); *Posner v. Dall. Cnty. Child Welfare Unit of Tex. Dep't of Human Servs.*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied). Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We grant Almazan's motion to dismiss in part and deny it in part. We grant Almazan's motion, in part, and we dismiss Pardo's petition for writ of mandamus without prejudice. We deny Almazan's motion, in part, as to all other relief sought therein.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
30th day of January, 2026.

---

[3] Almazan also filed an opposed "Motion for Continuance" seeking to extend the time to file her response to the petition for writ of mandamus. Because we are granting, in part, Almazan's motion to dismiss this original proceeding, we dismiss her motion for continuance as moot.